In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3083

MOHAMED TAHAR BENAOUICHA,

*Petitioner*,

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent.*

Petition for Review from an Order of
the Board of Immigration Appeals.
No. A077-862-269

ARGUED FEBRUARY 12, 2010—DECIDED APRIL 6, 2010

Before EASTERBROOK, *Chief Judge*, HAMILTON, *Circuit Judge*, and SPRINGMANN, *District Judge.*[*]

HAMILTON, *Circuit Judge.* The Board of Immigration Appeals upheld an immigration judge's order that peti-

[*] The Honorable Theresa L. Springmann, United States District Judge for the Northern District of Indiana, sitting by designation.

tioner Mohamed Tahar Benaouicha be removed from the United States pursuant to 8 U.S.C. §§ 1227(a)(1), 1227(a)(1)(C)(i), and 1227(a)(2)(A)(i). Petitioner conceded the facts underlying the charges of removal, but he argued that he was eligible for cancellation of removal as a battered spouse under 8 U.S.C. § 1229b(b)(2)(A). He contends in his petition for review that the BIA erred by ordering him removed without allowing him to demonstrate that he was a person of good moral character under the third prong of that statute. We deny the petition for review.

This court has jurisdiction under 8 U.S.C. § 1252.[1] In general, we review the BIA's legal findings *de novo*. See *Gaberov v. Mukasey*, 516 F.3d 590, 594 (7th Cir. 2008). We also give *Chevron* deference to the BIA's interpretations of ambiguous statutes, see *Draganova v. INS*, 82 F.3d 716, 720 (7th Cir. 1996), citing *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-45 (1984), though there is no ambiguity here.

On September 29, 2000, petitioner Benaouicha was admitted into the United States from Algeria to attend an airline training academy in Texas. He never enrolled. On

---

[1] 8 U.S.C. § 1252(a)(2)(B)(i) ordinarily precludes judicial review of judgments regarding the granting of relief under section 1229b. However, a narrow exception is made under 8 U.S.C. § 1252(a)(2)(D) for constitutional questions or questions of law related to a grant or denial of a section 1229b cancellation of removal. Because petitioner conceded all relevant facts, the only questions are questions of law, so the exception applies.

October 1, 2003, petitioner was convicted in Iowa under 18 U.S.C. § 1001(a)(2) for falsely applying for a Social Security card. He served a six-month sentence. Upon his release from federal custody, the Department of Homeland Security sought petitioner's removal under 8 U.S.C. § 1227(a)(1)(C)(i) as a non-immigrant who failed to comply with the conditions of his non-immigrant status and under 8 U.S.C. § 1227(a)(1)(A) as an alien inadmissible at the time of his entry. DHS later added a charge against Benaouicha under 8 U.S.C. § 1227(a)(2)(A)(i) for removal of an alien who was convicted of a crime of moral turpitude committed within five years of admission and for which a sentence of one year or longer could have been imposed.

Petitioner admitted the factual allegations on which the DHS's charging documents were based and conceded his removability on all three charges. However, he sought adjustment of his status based on his marriage to a United States citizen. On January 20, 2005, while his removal proceedings were pending, petitioner was charged with and pled guilty to battery under Ind. Code § 35-42-2-1, receiving a one-year suspended sentence and one year of probation. (We are informed that the victim of the battery was petitioner's wife.) On February 3, 2006, petitioner requested a continuance of his immigration hearing because his marriage had dissolved and his I-360 petition—a petition to classify him as a battered or abused spouse of a United States citizen—filed with Citizenship and Immigration Services was still pending. The immigration judge permitted several continuances while his I-360 petition was under review. His petition

was then denied by the Vermont Services Center. Petitioner appealed that decision to the Administrative Appeals Office and then to the BIA, although the Vermont Services Center has not yet tendered the appeal to the BIA. Ultimately, although petitioner's appeal of the denial of his I-360 petition was still pending, on November 20, 2008, the immigration judge denied his request for a continuance, determined that he was ineligible for cancellation of removal under the abused spouse provision in 8 U.S.C. § 1229b(b)(2)(A), and ordered him removed.

There is no question that petitioner is removable under 8 U.S.C. §§ 1227(a)(1), 1227(a)(1)(C)(i), and 1227(a)(2)(A). Petitioner has conceded the facts underlying the charges. He did not possess valid entry documents when he entered the country. He did not maintain the status under which he was admitted. And he was convicted for a crime of moral turpitude within five years of entry. A.R. 90, 110-11. He argues, however, that he is eligible for cancellation of removal due to special circumstances because he is an abused former spouse of a United States citizen. The provision under which petitioner seeks cancellation of his removal, 8 U.S.C. § 1229b(b)(2), would permit the Attorney General to cancel removal if petitioner were able to demonstrate each of the following five elements, which we paraphrase for clarity as applied to this case:

> (i) that he has been battered or subjected to extreme cruelty by a spouse who is or was a United States citizen;

(ii) that he has been physically present in the United States for a continuous period of not less than three years preceding the date of his application;

(iii) that he has been a person of good moral character during such period;

(iv) that he is not deportable under sections 1227(a)(1)(G), 1227(a)(2), 1227(a)(3), or 1227(a)(4), and has not been convicted of an aggravated felony; and

(v) that his removal would result in extreme hardship to him, his child, or his parent.

See 8 U.S.C. § 1229b(b)(2)(A).

Petitioner focuses on the third of these requirements, "good moral character." He argues that the immigration judge and the BIA should have given him the opportunity to demonstrate that he could satisfy that prong, despite his convictions for fraud and battery. But his argument fails before it begins because petitioner conceded that he is deportable under section 1227(a)(2)(A)(i) for having been convicted of a crime of moral turpitude.[2]

---

[2] Petitioner failed to raise any challenge in his opening brief to the BIA's conclusion that he is deportable under section 1227(a)(2)(A)(i). On reply he argues that he preserved the argument by including the full text of 8 U.S.C. § 1229b(b)(2)(A) and by referencing a provision that could provide waiver to crimes of moral turpitude. Such unexplained quotations and citations are not sufficient to preserve an argument. In any event, the provision on which petitioner claims to rely for

(continued...)

Because he is deportable under section 1227(a)(2)(A)(i), he cannot meet the fourth prong of section 1229b(b)(2)(A)(iv). Even if, despite the facts recounted above, he might convince the government that he is of good moral character under the third prong, he would remain ineligible for cancellation of removal under the abused spouse provisions. He must meet all five of the requirements to be eligible for cancellation of removal as a battered spouse. He cannot do so.[3]

To the extent petitioner attempts to appeal from the CIS's decision denying his I-360 visa petition or seeks some relief from the apparent failure of the Vermont Service Center to tender his appeal of the denial to the BIA, his attempt fails for want of jurisdiction. The denial of petitioner's I-360 visa petition and his appeal from that decision did not occur within the context of the removal proceedings before the immigration judge that

---

[2] (...continued)

such an argument—8 U.S.C. § 1182(h)(1)(C)—would not assist him. It applies to aliens who would otherwise be inadmissible or ineligible for visas, not to aliens such as petitioner, who were admitted but are subject to deportation under 8 U.S.C. § 1227.

[3] Also, there was no need for the BIA to address the good character issue because it would not have affected the outcome. Any opinion on the issue would have been only advisory. See *Immigration and Naturalization Service v. Bagamasbad*, 429 U.S. 24, 25-26 (1976) (summarily reversing circuit court's order to BIA to make findings on issues that did not need to be addressed to resolve case).

are now before this court. There is no final administrative decision regarding the visa application. In any event, the visa application has no effect on the separate removal order that we have jurisdiction to review under 8 U.S.C. § 1252.

The petition for review of the decision by the Board of Immigration Appeals is denied.