**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 30, 2013
Decided May 21, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-2725

| | |
|---|---|
| SABAS JUDITH PALMA-ROMERO, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A 091 413 043 |
| ERIC H. HOLDER, Attorney General of the United States, *Respondent*. | |

**ORDER**

Petitioner Sabas Palma-Romero, a citizen of Honduras living in the United States without authorization, requested withholding of removal after she was convicted of theft and placed in removal proceedings. An immigration judge denied that request, but the Board of Immigration Appeals remanded for the IJ to look more closely at Palma-Romero's claim that her ex-husband in Honduras will harm her if she is removed. At Palma-Romero's first hearing, the IJ had believed her testimony that she fears her ex-husband, but after the remand he noted

inconsistencies in her testimony at the second hearing and decided that he no longer found her credible.  We can find no colorable constitutional or legal challenge in her petition, and so must dismiss it.

Palma-Romero has lived in the United States since 1986, but after she was convicted of theft in 2009, the Department of Homeland Security issued her a notice to appear for removal proceedings.  She applied for withholding of removal and testified at her removal hearing that she fears that her ex-husband will seriously harm her if she returns.  She related that during a visit to Honduras in 1996, she had been riding on a bicycle with her brother when her ex-husband tried to run her over with a car.  She was unharmed, but her brother lost a hand protecting her.

At the end of the first hearing, the IJ denied the requested relief.  Although he characterized Palma-Romero's testimony as "generally credible," he concluded that her asserted fear of her ex-husband did not "constitute a nexus to one of the five protected grounds."  (The IJ also denied Palma-Romero's requests for asylum and for protection under the Convention Against Torture, but she does not challenge those rulings.)

Palma-Romero appealed to the Board, which concluded that the IJ had not said enough to explain his rejection of Palma-Romero's claim that she feared her ex-husband.  The Board remanded for the IJ to consider that issue further and to receive additional evidence if the parties wanted to submit more.  The Board added that, "if the Immigration Judge evaluates the issue of whether the government of Honduras would be unable or unwilling to control the respondent's husband, her testimony that it would be futile to report incidents to the police should be considered in conjunction with the country condition evidence in the record."

On remand Palma-Romero testified again and elaborated on her asserted fear of her ex-husband.  She explained that she had been raped at age 14 but did not tell her husband of the rape until after they were married.  When he realized he had not married a virgin, he became abusive.  The government's attorney aggressively impeached this new testimony, noting several inconsistencies with Palma-Romero's previous account.  She now said that the vehicular assault had occurred in 2000, not 1996, and that she did not even travel to Honduras in 1996.  And although she originally had said that she did not report the incident to the police, she now testified that the police had been called.  She also contradicted her earlier testimony that the vehicular assault had been her only encounter with her ex-husband during her visits; she now said that he had confronted her on a daily basis during a 1994 visit.

The IJ again denied Palma-Romero's application.  First the IJ noted that her testimony had changed significantly from her original account, and thus he no longer regarded her as credible. Palma-Romero had not provided any corroborating evidence, such as affidavits from

her brothers in Honduras or her children living in the United States, or medical records documenting the injuries her ex-husband had inflicted. And, the IJ continued, Palma-Romero still had not explained how her husband's malice established that she faced persecution on account of her membership in a particular social group. See 8 U.S.C. § 1158(a)(2)(A). The social group proffered by her attorney—wives who lie about being virgins—could not qualify, reasoned the IJ, because this group would lack "social visibility."

The Board affirmed the denial of relief, though it declined to endorse the IJ's analysis of Palma-Romero's proffered social group, acknowledging our rejection of the "social visibility" test. See *Ramos v. Holder*, 589 F.3d 426, 430 (7th Cir. 2009). The Board thus relied entirely on the IJ's adverse credibility finding.

Palma-Romero concedes that she committed an aggravated felony and that we have jurisdiction to review only legal or constitutional questions. See 8 U.S.C. § 1252(a)(2)(C)-(D); *Moral-Salazar v. Holder*, 708 F.3d 957, 962 (7th Cir. 2013); *Khan v. Filip*, 554 F.3d 681, 687 (7th Cir. 2009). Palma-Romero argues in her brief that the IJ violated her constitutional right to due process by reconsidering her credibility and not giving "meaningful consideration" to the general problem of domestic violence in Honduras, as suggested in a portion of the Board's remand order. We fail to understand how the IJ violated her right to due process; she cites no authority that might illuminate her reasoning, and her counsel's explanation at oral argument was not helpful. Our jurisdiction here is narrow, *Menaouicha v. Holder*, 600 F.3d 795, 796 n.1 (7th Cir. 2010), and cannot be expanded merely by taking an unreviewable issue, like an IJ's credibility finding, and rebranding it as a due process violation, see *Abraham v. Holder*, 647 F.3d 626, 632 (7th Cir. 2011); *Khan*, 554 F.3d at 689.

Accordingly, we **DISMISS** the petition.