In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-1890

MARIA E. GONZALEZ-BALDERAS,

*Petitioner,*

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent.*

Petition to Review an Order of the
Board of Immigration Appeals.
No. A 077 490 772

SUBMITTED FEBRUARY 10, 2010—DECIDED MARCH 5, 2010

Before POSNER, TINDER, and HAMILTON, *Circuit Judges*.

POSNER, *Circuit Judge*. The petitioner, a Mexican
citizen, entered the United States illegally by the use
of someone else's documentation and was promptly
removed. 8 U.S.C. § 1225(b)(1)(A)(i). Her removal made
her ineligible to seek readmission to the United States
for five years unless she obtained permission to
reapply for permission earlier. §§ 1182(a)(9)(A)(i), (iii).

Rather than either wait or ask for permission to reapply, she snuck back into the United States a month later. This meant that she was forbidden to reapply for permission to enter for ten years. § 1182(a)(9)(C)(i)(II)(ii). Still, here she was, undetected, and the following year her husband, a lawful permanent resident of the United States (since then he has become a citizen), whom she had married shortly after her second illegal entry, filed a visa petition on her behalf. The petition was granted, and later she filed an application to adjust her status, on the basis of her husband's status, to that of a lawful permanent resident. § 1255(i)(1).

Upon discovering that she had reentered the country illegally after being removed, the Department of Homeland Security, though it could have removed her summarily, § 1231(a)(5), instead merely denied her application for adjustment of status and scheduled a new removal hearing. At that hearing which she asked the immigration judge to permit her to reapply for admission retroactive to the date of her reentry. Her authority was 8 C.F.R. § 212.2(i)(2), which states that an adjustment of status can be ordered retroactively. Were that provision applicable to her notwithstanding the statute, she could apply for adjustment of status without waiting ten years from her second removal. But the immigration judge, seconded by the Board of Immigration Appeals, ruled on the authority of *In re Torres-Garcia*, 23 I. & N. Dec. 866 (BIA 2006), that an application for retroactive relief (which the Board calls "nunc pro tunc"—"now for then"—relief, a term that properly refers, rather, to correcting a mistake, *Central Laborers' Pension, Welfare &*

*Annuity Funds v. Griffee*, 198 F.3d 642, 644 (7th Cir. 1999); *King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1188 (7th Cir. 1987)) cannot be granted when the effect would be to lift the ten-year bar.

Retroactive relief is a tool long employed by the immigration authorities, based on what they believe to be implied statutory authority to provide relief from the harsh provisions of the immigration laws in sympathetic cases. See, e.g., *Patel v. Gonzales*, 432 F.3d 685, 693 (6th Cir. 2005); *Edwards v. INS*, 393 F.3d 299, 308-09 (2d Cir. 2004). This case conceivably is one. The petitioner is 51 years old and has three children, one a U.S. citizen and the others lawful permanent residents, and apart from her illegal entries she has been law-abiding. But the Board ruled that the regulation cannot contravene the statute that bars a removed alien from reapplying for admission for ten years.

The statute is clear and the Board's ruling correct—and anyway the Board acted within its authority in interpreting its own regulation not to permit the statute to be circumvented. The circuits in which the Board's ruling has been challenged have upheld it. *Delgado v. Mukasey*, 516 F.3d 65, 73 (2d Cir. 2008); *Gonzales v. DHS*, 508 F.3d 1227, 1241-42 (9th Cir. 2007). We now join them, elevating dicta in *Lemus-Losa v. Holder*, 576 F.3d 752, 760 (7th Cir. 2009), to a holding.

Another aspect of this case requires comment. Because the petitioner was barred from receiving a waiver of inadmissibility, she could not apply for an adjustment of status. 8 U.S.C. § 1255(i)(2)(A). But rather than say that, the immigration judge "pretermitted" the application.

This word is used by the immigration court and the Board of Immigration Appeals whenever an alien is found ineligible to apply for some form of relief. E.g., *Singh v. Gonzales*, 468 F.3d 135, 136 n. 1 (2d Cir. 2006); *Afful v. Ashcroft*, 380 F.3d 1, 6 (1st Cir. 2004). The common dictionary meanings of "pretermit" are to leave undone, to neglect, to omit, to overlook intentionally, to let pass without mention or notice, to interrupt or terminate, to suspend indefinitely. *Singh v. Gonzales*, *supra*, 468 F.3d at 136 n. 1. It might seem that because the petitioner's application for adjustment of status is premature and will remain so until the ten years are up, it is the last meaning of pretermit—to suspend indefinitely—that is the one the Board intends. It is the sense in which the word is used in the only regulation of the Board that we've found that uses it. 8 C.F.R. § 240.21(c)(1).

That would mean that the petitioner's application for adjustment of status would be put in the freezer until she became eligible to apply in ten years. But that is not correct. To obtain legal residence in the United States, she must, when she becomes eligible to apply for permission to reapply for admission, 8 U.S.C. § 1182(a)(9)(C)(ii), apply for that permission. If permission to enter is granted, she can then reapply for adjustment of status—but not before. To say that her application for adjustment of status has been "pretermitted" is therefore unnecessarily vague; her application has been dismissed.

A further oddity is that her application for adjustment of status was denied by the Department of Homeland

Security when she was discovered to have entered the country illegally for a second time. Denied—but later pretermitted. The reason that both the Department and the immigration judge rejected an application by her to adjust her status is that an alien whose application for adjustment of status has been denied by the Department may renew the application before the immigration judge when the alien is placed in removal proceedings. 8 C.F.R. § 245.2(a)(5)(ii). That is what happened here. But why the identical application was said to be "denied" by the Department but "pretermitted" by the immigration judge remains a mystery, though not one that can help the petitioner.

She presents other grounds for relief, but they have insufficient merit to warrant discussion. The petition for review is

DENIED.