In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-1917

CLEMENTE ALVARADO-FONSECA,

*Petitioner,*

*v.*

ERIC H. HOLDER, JR.,

*Respondent.*

Petition for Review of an Order of
the Board of Immigration Appeals.
No. A034-223-857

ARGUED DECEMBER 3, 2010—DECIDED JANUARY 6, 2011

Before FLAUM, ROVNER and EVANS, *Circuit Judges*.

FLAUM, *Circuit Judge.* An immigration judge ordered Clemente Alvarado-Fonseca, a Mexican citizen, removed to Mexico on the ground that his 1984 state court conviction for armed robbery constituted an aggravated felony, a deportable offense. On appeal to the Board of Immigration Appeals ("BIA"), Alvarado-Fonseca argued that he was not removable because the definition of aggravated felony in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") could not be applied retroactively. The BIA dismissed the appeal.

Alvarado-Fonseca now argues that a provision in the Anti-Drug Abuse Act of 1988 ("ADAA") precludes his deportation. Alvarado-Fonseca waived that argument by failing to raise it before the BIA. In light of that failure to exhaust, we must deny the petition.

## I.  Background

### A.  Factual Background

Alvarado-Fonseca, a citizen of Mexico, was admitted to the United States as a lawful permanent resident alien on April 27, 1973, at the age of ten. In 1984, a twenty-one-year-old Alvarado-Fonseca was convicted of armed robbery in Illinois state court, and was sentenced to six-years in prison. Now 47 years old, Alvarado-Fonseca has since married a United States citizen, with whom he has two children.

On April 2, 2007, the Department of Homeland Security commenced removal proceedings against Alvarado-Fonseca by filing a Notice to Appear ("NTA") against him in the Immigration Court. The NTA charged that Alvarado-Fonseca was removable from the United States under three provisions of the Immigration and Nationality Act ("INA"): (1) section 237(a)(2)(A)(iii) for conviction of an aggravated felony relating to a theft or burglary offense as defined in § 101(a)(43)(G) of the INA (*see* 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43)(G)); (2) section 237(a)(2)(A)(iii) for conviction of an aggravated felony relating to a crime of violence as defined in § 101(a)(43)(F) of the INA (*see* 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43)(F)); and (3) section 237(a)(2)(C) for a conviction that in-

volved the use or possession of a firearm (*see* 8 U.S.C. § 1227(a)(2)(C)).

## B.  Statutory Background

The thrust of Alvarado-Fonseca's argument in this Court turns on the interplay of several amendments to the federal immigration laws. A short discussion of each of the relevant enactments is helpful.

### 1.   The Anti-Drug Abuse Act of 1988

Congress first made conviction for an "aggravated felony" a deportable offense in 1988, when it amended the INA through the Anti-Drug Abuse Act of 1988 ("ADAA"). *See* ADAA § 7344(a). At that time, the statutory definition of "aggravated felony" did not include theft offenses or crimes of violence. Section 7344(b) of the ADAA provided that the amendments applied only "to any alien who has been convicted, on or after the date of the enactment of this Act, of an aggravated felony." Therefore, under the ADAA, only aliens convicted of an aggravated felony on or after November 18, 1988 were deportable. In his petition, Alvarado-Fonseca relies on the temporal restriction set forth in ADAA § 7344(b) for his position that he cannot be deported for his 1984 conviction.

### 2.   The Immigration Act of 1990

In 1990, Congress enacted the IMMAct, § 501(a) of which broadened the definition of "aggravated felony" to

include any crime of violence for which a term of imprisonment of at least 5 years is imposed. The new definition applied only to crimes committed on or after November 29, 1990. *See* IMMAct § 501(b).

Section 602(c) of the IMMAct provided:

> SAVINGS PROVISION.—Notwithstanding the amendments made by this section, any alien who was deportable because of a conviction (before the date of the enactment of this Act) of an offense referred to in paragraph (15), (16), (17), or (18) of section 241(a) of the Immigration and Nationality Act, as in effect before the date of the enactment of this Act, shall be considered to remain so deportable. Except as otherwise specifically provided in such section and subsection (d), the provisions of such section, as amended by this section, shall apply to all aliens described in subsection (a) thereof notwithstanding that (1) any such alien entered the United States before the date of enactment of this Act, or (2) the facts, by reason of which an alien is described in such subsection, occurred before the date of the enactment of this Act.

*See* 104 Stat. 5081-82 (1990).

### 3.  The Immigration Technical Corrections Act of 1994

On October 25, 1994, Congress again broadened the definition of "aggravated felony" to include theft offenses for which the term of imprisonment imposed is at least five years. *See* ITCA § 222(a). The ITCA provided that "[t]he amendments made by . . . section [222(a)] shall

apply to convictions entered on or after the date of enactment of this Act." ITCA § 222(b).

### 4. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996

Congress revisited the definition of "aggravated felony" again in 1996 with the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). *See* IIRIRA § 321(a). Section 321(b) of IIRIRA amended the INA to read: "Notwithstanding any other provision of law (including any effective date), [the amended definition of aggravated felony] applies regardless of whether the conviction was entered before, on, or after September 30, 1996." Section 321(c) of IIRIRA states that "[t]he amendments made by this section shall apply to actions taken on or after the date of the enactment of this Act, regardless of when the conviction occurred."

## C. Procedural Background

In the proceedings before the Immigration Judge ("IJ"), Alvarado-Fonseca contended that he had previously appeared before an IJ and had been granted a waiver of deportation; however he could produce no evidence of such a waiver. Alvarado-Fonseca also applied for cancellation of removal. On April 14, 2009, the IJ concluded in a written opinion that Alvarado-Fonseca was removable on all three charges based on his conviction for armed robbery. Specifically, the IJ found that armed robbery "certainly is an offense relating to a theft offense,

identified in § 101(a)(43)(G) of the INA." Furthermore, the IJ determined that armed robbery constitutes a crime of violence as defined in INA § 101(a)(43)(F) because it involves a clear risk of harm to an individual. Finally, the IJ found that Alvarado-Fonseca was removable pursuant to § 237(a)(2)(C) because he had been convicted of a crime that involved the use or possession of a firearm. The IJ dismissed Alvarado-Fonseca's application for cancellation of removal, concluding that he was ineligible for cancellation because he had been convicted of an aggravated felony. *See* 8 U.S.C. § 1229b(a)(3) (barring a permanent resident alien from eligibility for cancellation of removal if he has been convicted of an aggravated felony).

On appeal of the IJ's decision to the BIA, Alvarado-Fonseca argued that he was not removable pursuant to § 237(a)(2)(C) because he had not been convicted of a firearm offense.[1] Alvarado-Fonseca also maintained

---

[1] Alvarado-Fonseca offered no explanation for his position that armed robbery should not be considered a conviction for "using, owning, possessing, or carrying,  . . . any weapon . . . in violation of any law" under INS § 237(a)(2)(C), and we can think of none. *See* 8 U.S.C. § 1227(a)(2)(C). However, contrary to the government's request, we cannot deny the petition on the ground that Alvarado-Fonseca is removable pursuant to INS § 237(a)(2)(C). While the BIA noted that the IJ found Alvarado-Fonseca to be removable under § 237(a)(2)(C), it did not rely on § 237(a)(2)(C) as a basis for its ruling. Nor did the BIA adopt the IJ's opinion. Therefore, the BIA's decision is "the exclusive focus of our review." *Moab v. Gonzales*, 500 F.3d 656, 659 (7th Cir. 2007). Under *SEC v. Chenery Corp.*,

(continued...)

that, because he was not deportable at the time he was convicted, he cannot be removed today. Specifically, Alvarado-Fonseca argued that the IIRIRA's expanded the definition of "aggravated felony"—enacted in 1996—could not be applied to his 1984 conviction because (1) there is a presumption against retroactive application, and (2) retroactive application would violate his due process rights.

On March 17, 2010, the BIA dismissed Alvarado-Fonseca's appeal, rejecting Alvarado-Fonseca's argument that the IIRIRA's aggravated felony provision should not apply retroactively. For that conclusion the BIA relied in part on our decision in *Flores-Leon v. INS*, 272 F.3d 433 (7th Cir. 2001), which we discuss further below. The BIA did not determine whether Alvarado-Fonseca was removable under § 237(a)(2)(C), noting that even if he was not, he had failed to establish that he was not otherwise removable under § 237(a)(2)(A)(iii).

## II. Discussion

Generally, we lack jurisdiction to review an order removing an alien who has been convicted of committing

---

[1] (...continued)
332 U.S. 194 (1947), we cannot uphold the BIA's ruling on "a ground that is not articulated—or at least discernable—in the decision itself." *Atunnise v. Mukasey*, 523 F.3d 830, 838 (7th Cir. 2008). Because the BIA did not rely on § 237(a)(2)(C) in dismissing Alvarado-Fonseca's appeal, we cannot deny the petition on that basis.

an "aggravated felony." *See* 8 U.S.C. § 1252(a)(2)(C); *Gaiskov v. Holder*, 567 F.3d 832, 835 (7th Cir. 2009). However, pursuant to 8 U.S.C. § 1252(a)(2)(D), we have jurisdiction to review questions of law and constitutional claims. Here, Alvarado-Fonseca raises legal questions regarding the interpretation of the aggravated felony provisions of the INA and a constitutional claim founded on the *ex post facto* clause. Therefore, we have jurisdiction to consider the petition. While we review questions of law and constitutional claims de novo, we defer to the BIA's reasonable interpretation of the INA, "so long as it is 'consistent with the language and purposes of the statute.'" *Gattem v. Gonzales*, 412 F.3d 758, 763 (7th Cir. 2005).

## A. Exhaustion

In the instant petition, Alvarado-Fonseca effectively concedes that he is removable under our decision in *Flores-Leon v. INS*, 272 F.3d 433 (7th Cir. 2001), but argues that we instead should follow the Ninth Circuit's decision in *Ledezma-Galicia v. Holder*, 599 F.3d 1055 (9th Cir. 2010). As the discussion below demonstrates, contrary to Alvarado-Fonseca's interpretation, the two cases are not necessarily in conflict. More importantly, Alvarado-Fonseca's failure to raise before the BIA the arguments addressed in *Ledezma-Galicia*, which he effectively adopts in his petition, precludes us from considering this line of reasoning.

In *Flores-Leon*, we squarely rejected the argument Alvarado-Fonseca advanced before the BIA—namely, that

the IIRIRA's definition of aggravated felony cannot be applied retroactively. The petitioner in *Flores-Leon* had been convicted in 1994 of a crime that was not classified as an aggravated felony until 1996. We concluded that the amended definition could be applied to the earlier conviction, holding that "the amended definition of 'aggravated felony' [set forth in IIRIRA § 321(a)] should be applied to any and all criminal violations committed by an alien after his or her entry into the United States, regardless of whether they were committed before or after the amended definition went into effect." 272 F.3d at 439. We reasoned that Congress had "clearly manifested an intent to apply the amended definition of 'aggravated felony' retroactively" in IIRIRA § 321(b), which states that "[n]otwithstanding any other provision of law (including any effective date), [the amended definition of aggravated felony] applies regardless of whether the conviction was entered before, on, or after September 30, 1996." *Id.*

*Ledezma-Galicia* involved a petitioner who, like Alvarado-Fonseca and unlike Flores-Leon, was convicted before Congress enacted the ADAA in 1988, thereby making conviction for an "aggravated felony" a deportable offense for the first time. 599 F.3d at 1058. Ledezma-Galicia argued that the temporal limitation set forth in ADAA § 7344(b) remains in effect and prohibits his removal. *Id.* at 1061. The government responded that the ADAA's temporal limitation on the aggravated felony ground of deportation did not survive the later passage of the IMMAct in 1990 and the IIRIRA in 1996. Specifically, the government argued that IMMAct § 602(c) and IIRIRA

§ 321(b) override ADAA § 7344(b). *Id.* In a split decision, the Ninth Circuit rejected both of the government's arguments and found that the petitioner could not be deported.

With respect to IIRIRA § 321 (the only provision at issue in *Flores-Leon*), the Ninth Circuit stated that "it is settled law that the . . . *definitional* statute, IIRIRA § 321, which defines certain crimes as aggravated felonies, applies *regardless* of the date of the crime." *Id.* at 1074 (quoting *Lopez-Castellanos v. Gonzales,* 437 F.3d 848, 852 (9th Cir. 2006)) (emphasis in original). That is precisely what we said in *Flores-Leon*. The *Ledezma-Galicia* court went on to explain that, under Ninth Circuit precedent, "the IIRIRA's effective date provisions do not control 'the substantive immigration *consequences* of IIRIRA' (emphasis added)—even when those consequences turn on an aggravated felony conviction." *Id.* (quoting *Lopez-Castellanos,* 437 F.3d at 852-54). In other words, the Ninth Circuit has held that while the definition of "aggravated felony" applies to all aliens, that does not necessarily mean that all aliens convicted of an aggravated felony can be deported as a result. We have never explicitly considered whether the *consequences* of being an aggravated felon, such as removability, should be considered separately from the *definition*. *Flores-Leon* may be read as implicitly holding that both the definition and consequences of being an aggravated felon apply retroactively. But even if that is the case, such that our case law is in conflict with the Ninth Circuit's, we cannot resolve that tension here, for the reasons below.

The *Ledezma-Galicia* court went on to conclude that nothing in the IIRIRA affected the temporal limitation set forth in ADAA § 7344(b). 599 F.3d at 1074-75. It also found that IMMAct § 602(c) does not override ADAA § 7344(b). In reaching that conclusion, the Ninth Circuit refused to defer to the BIA's contrary interpretation that the second sentence of IMMAct § 602(c) overrides ADAA § 7344(b)). *Id.* at 1062-73. Based on those determinations, the Ninth Circuit found that Ledezma-Galicia was not removable as an aggravated felon.

Thus, the decision on which Alvarado-Fonseca now relies turns on ADAA § 7344(b), and its relationship to IIRIRA § 321(b) and IMMAct § 602(c). By relying on *Ledezma-Galicia*, Alvarado-Fonseca is asking us to consider whether ADAA § 7344(b) remains in effect.[2] But Alvarado-Fonseca did not raise the potential relevance

---

[2]  We have not addressed that issue. Both the BIA and a number of our sister circuits have considered it, and have reached varying conclusions based on the interplay of the ADAA, the IMMAct, and the IIRIRA. *See Lewis v. INS*, 194 F.3d 539, 543 n.5 (4th Cir. 1999) (deferring to BIA's interpretation that the second sentence of IMMAct § 602(c) overrides ADAA § 7344(b)); *Lettman v. Reno,* 207 F.3d 1368 (11th Cir. 2000) (same); *Bell v. Reno*, 218 F.3d 86 (2d Cir. 2000) (rejecting BIA's interpretation that IMMAct § 602(c) overrides ADAA § 7344(b), but nevertheless concluding that petitioner convicted before 1988 is deportable under INA § 237(a)(2)(A)(iii) as an alien convicted of an aggravated felony after entry into the United States, because IMMAct § 602(d) overrides ADAA § 7344(b)); *Ledezma-Galicia*, 599 F.3d 1055 (concluding that neither IMMAct § 602 nor IIRIRA § 321(b) overrides ADAA § 7344(b)).

of either ADAA § 7344(b) or IMMAct § 602(c) before the IJ or the BIA. Rather, in his administrative proceedings, Alvarado-Fonseca focused on the fact that he was convicted before the IIRIRA was enacted in 1996; now he bases his argument on the fact that he was convicted before the 1988 passage of the ADAA.

Consequently, as the government contends, Alvarado-Fonseca failed to exhaust the argument he now advances.[3] "An alien ordered removed from this country is required to exhaust the administrative remedies available to him before seeking judicial review of the removal order." *Ghaffar v. Mukasey*, 551 F.3d 651, 655 (7th Cir. 2008); *see also* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right"). Part of the duty to exhaust is the obligation to present all arguments to the BIA in the first instance that it has the power to address. *Ghaffar*, 551 F.3d at 655. Because Alvarado-Fonseca failed to exhaust his administrative remedies, we cannot consider his argument that ADAA § 7344(b) bars his deportation.

By requiring that the BIA be given the first opportunity to consider questions of law under the INA, the exhaustion requirement acknowledges and respects the BIA's role as the primary interpreter of immigration law, as well as its expertise in interpreting the INA. *Zeqiri v.*

---

[3] Alvarado-Fonseca did not file a reply brief to refute the government's exhaustion argument and argue that he properly preserved this issue.

*Mukasey*, 529 F.3d 364, 369-70 (7th Cir. 2008). It would undermine the BIA's authority to ignore the exhaustion requirement here.[4]

## B.  Ex Post Facto Clause

Alvarado-Fonseca also contends that deporting him for the commission of an aggravated felony would violate the *ex post facto* clause, which prohibits the retro-active application of criminal laws that materially disad-vantage the defendant. *See* U.S. CONST. art. I, § 9, cl. 3; *Flores-Leon*, 272 F.3d at 440. Alvarado-Fonseca concedes that the *ex post facto* clause applies only to criminal laws, and that both this circuit and the Supreme Court have long held that removal under the immigration laws is a civil proceeding, not a criminal punishment. *See Galvan v. Press*, 347 U.S. 522, 531 (1954) ("And whatever might

---

[4] As noted above, the BIA has concluded in other cases that IMMAct § 602(c) overrides ADAA § 7344(b). Presumably, the BIA would have dismissed Alvarado-Fonseca's appeal on that ground if he had presented the argument he now raises in his administrative appeal. Therefore, one might argue that Alvarado-Fonseca should be excused from administrative exhaustion on futility grounds. (Alvarado-Fonseca does not attempt to avoid the exhaustion requirement by advancing this argument, or any other for that matter). However, we rejected a similar argument in *United States v. Roque-Espinoza*, 338 F.3d 724, 729 (7th Cir. 2003), noting that "the law would never change if litigants did not request the responsible tribu-nals to reconsider earlier rulings."

have been said at an earlier date for applying the ex post facto Clause, it has been the unbroken rule of this Court that it has no application to deportation."); *Flemming v. Nestor*, 363 U.S. 603, 616 (1960); *Montenegro v. Ashcroft*, 355 F.3d 1035 (7th Cir. 2004); *Flores-Leon*, 272 F.3d at 440. However, he argues that we should revisit that conclusion in light of the Supreme Court's recent decision *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010).

In *Padilla*, the Court held that counsel for an alien charged with a crime has a constitutional obligation to tell the client that a guilty plea carries a risk of deportation. *Id.* at 1486. In reaching that conclusion, the Court noted that "deportation is a particularly severe 'penalty,'" and that removal proceedings, while "civil in nature," are "intimately related to the criminal process." *Id.* at 1481. However, the Court also reaffirmed that deportation "is not, in a strict sense, a criminal sanction." *Id.* In light of that statement, we cannot agree that *Padilla* provides sufficient guidance to deviate from the long line cases establishing that statutes retroactively setting criteria for deportation do not violate the *ex post facto* clause.

## III. Conclusion

For the foregoing reasons, the petition for review is DENIED.

---