NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 26, 2011
Decided March 16, 2011

*Before*

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-1912

| | |
|---|---|
| HECTOR GUILLERMO FLORES-CARRILLO, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A071-804-653 |
| ERIC H. HOLDER, JR., Attorney General of the United States, *Respondent*. | |

# O R D E R

Hector Guillermo Flores-Carrillo petitions for review a decision of the Board of Immigration Appeals declaring him inadmissible and denying him relief from removal. Flores asks us to vacate the decision, contending that the Board impermissibly applied several provisions of the Immigration and Nationality Act retroactively. Because Flores failed to preserve the issue, we deny his petition.

Flores is a native of Guatemala. He has resided in the United States continuously for over 20 years. He has been married to a U.S. citizen for almost 40 years and has both children and grandchildren. He also has been living unlawfully in the United States continuously since 1989 and was convicted of two serious crimes over 25 years ago, though he has received no further convictions since then.

Flores entered the United States illegally three times. He came to the country legally in 1971 as a visitor for pleasure. But he stayed beyond the time allowed and was arrested and charged with deportability. An IJ permitted him to depart voluntarily, which he did sometime in 1974. His first illegal entry occurred later that same year when he reentered without inspection, and just two years later, in 1976, a California court convicted him of two counts of rape, CAL. PENAL CODE § 261.3, for which he served only four years' probation. Soon after, the former Immigration and Naturalization Service charged Flores with deportability on the ground that he entered without inspection, and Flores left the country shortly after being served with notice. But he reentered illegally for a second time in 1977, again without inspection, and remained here undetected until 1980, when he pleaded guilty in Cook County, Illinois, to battery. In 1985 Flores was again charged with deportation for having entered without inspection, INA § 241(a)(2), and for being excludable as an alien convicted of a crime involving moral turpitude (the rape), INA § 241(a)(1). Flores conceded the charges, and the IJ ordered deportation. Flores again left the country.

Flores made his third and final illegal entry in 1989. A year later he received an Order to Show Cause alleging that he was deportable under INA § 241(a)(2) (1991), covering aliens who entered without inspection, and INA § 241(a)(1) (1991), covering aliens excludable at entry under INA § 212(a)(17) (1988), which covers aliens who reenter without inspection after deportation. The IJ administratively closed proceedings in March of 1991 under the settlement agreement in *American Baptist Churches v. Thornburgh*, 760 F. Supp. 796 (N.D. Cal. 1991), a class action that allowed Flores to apply for asylum benefits. His case sat idle for over a decade until 2005, when Flores, then back in the custody of immigration authorities, requested that it be re-calendered.

Because Flores's case was merely "administratively" closed, it remained pending. *See Garcia-Padron v. Holder*, 558 F.3d 196, 200 (2d Cir. 2009); *Matter of Amico*, 19 I. & N. Dec. 652 (BIA 1988). With the ongoing proceedings re-calendared in 2005, the Department of Homeland Security (the successor immigration-enforcement agency) filed additional allegations charging Flores with removal ("removal" being the updated statutory term for "deportation") for two more reasons: as an alien convicted of an aggravated felony and as an alien excludable at the time of entry for having been convicted of a crime involving moral turpitude (both crimes being the rape). Thus, by 2005 the Department had four charges pending against Flores: the two old charges of deportability (because he entered

without inspection and because he was excludable for reentering after deportation) and the two new charges of removability (for his aggravated-felony conviction and because he was excludable for committing a crime of moral turpitude—in both charges, the rape). Flores admitted the factual allegations underlying the charges of deportability.

Flores seeks to avoid removal by applying for retroactive admission under 8 C.F.R. § 212.2 and asking to adjust his status to that of a lawful permanent resident. To obtain adjusted status, the IJ must be willing to forgive his deportable offenses and bring his proceeding to a close. *See* INA § 245(a), (i)(2)(A); *Hadayat v. Gonzales*, 458 F.3d 659, 662 (7th Cir. 2006); *Drax v. Reno*, 338 F.3d 98, 113 (2d Cir. 2003). But to adjust his status, Flores must also first have access to a visa (he undisputably does by virtue of having married an American citizen), and he must also be otherwise "admissible" to enter the United States. INA § 245(a), (i)(2)(A). This case turns on the latter issue—whether he is admissible. Two of the charges against him (for reentering after deportation and for his crime of moral turpitude) characterize him as inadmissible. The parties agree that under INA § 212(h), 8 U.S.C. § 1182(h), aliens can obtain a waiver of excludability (the precursor to "inadmissibility") for crimes of moral turpitude. *See Klementanovsky v. Gonzales*, 501 F.3d 788, 790 (7th Cir. 2007). But the waiver, even if granted, would eliminate just one charge of inadmissibility.

Flores's ability to defeat the second ground of inadmissibility, for illegal reentry after deportation, depends on whether an amendment to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-546, applies to his third reentry in 1989. The amendment provides that aliens who enter the United States after having been previously removed must leave the country for ten years before seeking readmission. INA § 212(a)(9)(C)(i)(II) [8 U.S.C. § 1182(a)(9)(C)(i)(II)]. This ground of inadmissibility is not waivable. *Gonzalez-Balderas v. Holder*, 597 F.3d 869, 869-70 (7th Cir. 2010); *In re Torres-Garcia*, 23 I. & N. Dec. 866, 874 (BIA 2006). If the 1996 amendment does not apply retroactively to his 1989 reentry (and an IJ granted a § 212(h) waiver), Flores would be eligible to seek readmission under 8 C.F.R. § 212.2, and assuming *that* is granted, eligible to seek adjustment of status.

According to the IJ, Flores did not pass the first step, establishing that he is admissible. The IJ agreed that with a waiver under INA § 212(h), Flores could cure the inadmissibility from his crime involving moral turpitude, *see In re Michel*, 21 I. & N. Dec. 1101, 1103. But the IJ did not consider granting that waiver because, the IJ decided, Flores was inadmissible for his 1989 reentry after deportation, citing INA § 212(a)(9)(C)(i)(II) (the ten-year absence amendment), which the IJ applied retroactively. Accordingly, the IJ denied the request for adjusted status and ordered Flores deported to Guatemala. Flores appealed to the Board of Immigration Appeals, which dismissed his case, agreeing with the

IJ that inadmissibility for unlawful reentry after deportation under § 212(a)(9)(C)(i)(II) makes Flores ineligible for adjustment of status. The Board also ruled that Flores was deportable anyway based on his aggravated-felony conviction.

In his petition for review, Flores maintains that he is admissible because, he says, the ten-year absence amendment in IIRIRA's 1996 legislation is not retroactive to his 1989 illegal reentry. He also contends that he is not deportable for having been convicted of an aggravated felony after his initial entry. He concedes that his rape conviction is now defined as an "aggravated felony" under the current INA. But he insists that this status does not trigger removal because his conviction occurred before 1988, a threshold date in another set of amendments to the immigration laws, before which, he says, the *consequence* of deportation on the ground of being an aggravated felon does not retroactively apply.

We turn to Flores's first argument, that the Board erred by applying § 212(a)(9)(C)(i)(II) of IIRIRA to him retroactively, thereby deeming him inadmissible for his unlawful entry after deportation and denying his application to adjust status. The government opens by arguing that Flores failed to present this argument to the Board and that as a result this court lacks "jurisdiction" to consider it.

As an initial matter, the government exaggerates the consequence of failing to exhaust administrative remedies. True, to be assured appellate review, an alien must present to the Board all arguments over which the Board has authority to address. 8 U.S.C. § 1252(d)(1); *Muratoski v. Holder*, 622 F.3d 824, 830 (7th Cir. 2010). But his failure to do so does not divest this court of jurisdiction to review this issue because the court need not follow the waiver rule in § 1252(d) as inflexibly as it must a jurisdictional provision. *See Issaq v. Holder*, 617 F.3d 962, 968 (7th Cir. 2010); *Abdelqadar v. Gonzales*, 413 F.3d 668, 671 (7th Cir. 2005).

The government is, however, correct that Flores did not adequately present to the Board. His brief to the Board argued generally that "it is impermissible to apply the 1996 statutory amendments to his case retroactively." Flores contends that his assertion could be read to challenge the application of each IIRIRA amendment, including the ten-year absence provision of § 212(a)(9)(C)(i)(II). We disagree. A closer look at his brief shows that the statement is referring to a different section of IIRIRA, the section amending the definition of "aggravated felony," and not to the ten-year absence provision. Accordingly, the argument was unexhausted and is now unreviewable. *See Alvarado-Fonseca v. Holder*, 631 F.3d 385, 390-91 (7th Cir. 2011).

Flores's failure to preserve this argument dooms his petition.  His only hope for relief from deportation is adjustment of status, and adjustment is out of the question if, as is the case, he cannot challenge the Board's conclusion that he is otherwise inadmissable.  *See Gonzalez-Balderas*, 597 F.3d at 869-70.  Moreover, a conclusion that the first argument is unreviewable obviates the need to address the second argument concerning the retroactive consequences of his rape conviction, and more broadly, the retroactive effect of the aggravated-felony provisions of the INA, because resolving that argument in Flores's favor would not affect the outcome of his case.

With that said, in future cases the Board should consider formulating a fully reasoned analysis, absent from the Board's decision in this case, explaining the retroactivity of the aggravated-felony provisions.  The question, which has split the circuits, *compare Ledezma-Galicia v. Holder*, 599 F.3d 1055, 1075 (9th Cir. 2010), *with Sousa v. INS*, 226 F.3d 28, 34 (1st Cir. 2000), has already come up twice this year in this court—in this case and in *Alvarado-Fonseca*, 631 F.3d at 387.

Finally, although we need not decide whether Congress made the aggravated-felony provision in the INA retroactive, we have already observed that such retroactivity would not be unconstitutional.  *Id.* at 391-92.  Flores argues that deporting him on the basis of his 35-year-old aggravated-felony conviction would run afoul of the constitutional bar on the retroactive application of criminal laws.  *See* U.S. CONST. art. I, § 9, cl. 3; *Flores-Leon v. INS*, 272 F.3d 433, 440 (7th Cir. 2001).  But immigration proceedings are civil in nature and thus fall outside the reach of the Ex Post Facto Clause.  *Flemming v. Nestor*, 363 U.S. 603, 616 (1960); *Montenegro v. Ashcroft*, 355 F.3d 1035 (7th Cir. 2004).  Any contention that the civil nature of immigration proceedings has changed after *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), is foreclosed by this court's decision in *Alvarado-Fonseca*, 631 F.3d at 391-92.

For the foregoing reasons, we DENY the petition for review.