**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4789
_____

JOSE JULIO ANDUJAR,

                                          Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

                                          Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A034-040-212)
Immigration Judge: Jesus Clemente

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2011

Before:  BARRY, JORDAN and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 5, 2011)
_____

**OPINION**
_____

PER CURIAM

1

Jose Andujar, a citizen of the Dominican Republic, petitions for review of a decision from the Board of Immigration Appeals (BIA) that: found him barred from seeking asylum and withholding of removal by virtue of a federal drug conviction; found him ineligible for deferral of removal under the Convention Against Torture (CAT); denied his motion to remand; and ordered him removed. For the reasons that follow, we will deny the petition for review.

## I.

Andujar was admitted to the United States as a lawful permanent resident in the mid-1970s. Three decades later, he pleaded guilty in federal court to conspiracy to manufacture, possess and distribute cocaine hydrochloride, and he was sentenced to seventy-eight months in prison. Based on that conviction, the Government charged Andujar with being removable under, inter alia, 8 U.S.C §§ 1227(a)(2)(A)(iii) (aliens convicted of aggravated felonies are removable) and 1227(a)(2)(B)(i) (aliens convicted of controlled substance violations are removable). (AR 564.) Andujar conceded removability and filed defensive applications for asylum, withholding of removal and CAT protection, claiming a fear of persecution and torture at the hands of his drug trafficking co-conspirators.

An Immigration Judge in York, Pennsylvania, denied Andujar's applications for relief, and the BIA dismissed his appeal. The BIA noted that Andujar had "not

2

challenge[d] the Immigration Judge's determination that his conviction constitutes an aggravated felony, thus precluding asylum." (AR 3.) The BIA determined that "because [Andujar's] conviction for an aggravated felony resulted in a sentence of 78 months . . . his conviction is automatically a particularly serious crime per statute" (AR 3), thus precluding withholding of removal. And it "agree[d] with the Immigration Judge that [Andujar] has not established that it is more likely than not that he would be tortured by anyone - either private actors or government officials - upon returning to the Dominican Republic." (AR 4.) Regarding Andujar's claim on appeal that he is a non-removable United States national, the BIA found that Andujar conceded alienage before the IJ and that his new allegation—that he gave an "oath of allegiance" to the United States—was insufficient to prove nationality under Third Circuit precedent. Finally, the BIA construed as a motion to remand proceedings new evidence submitted by Andujar on appeal, and denied the motion because the evidence was "cumulative of extensive evidence already of record concerning drug-related violence in the Dominican Republic." (AR 5.)

## II.

We generally have jurisdiction under 8 U.S.C. § 1252(a)(1) to review final orders of removal. Where the BIA issues its own decision, we limit our review to the administrative record and the decision of the BIA. See Demandstein v. Att'y Gen., ---

3

F.3d ---, 2011 WL 652751, at *2 (3d Cir. Feb. 24, 2011, No. 10-1230).  Because Andujar was found removable for having committed an aggravated felony, our jurisdiction, and therefore the scope of our review, is further constrained by 8 U.S.C. § 1252(a)(2)(C). Accordingly, we exercise jurisdiction only to the extent that we are called upon to determine either jurisdictional facts, see Salim v. Ashcroft, 350 F.3d 307, 308 (3d Cir. 2003) (per curiam), or constitutional and legal claims.  Cospito v. Att'y Gen., 539 F.3d 166, 170 (3d Cir. 2008).  Our standard of review in those instances is plenary.  Denis v. Att'y Gen., 633 F.3d 201, 205-06 (3d Cir. 2011); Jordon v. Att'y Gen., 424 F.3d 320, 328 (3d Cir. 2005).

### III.

We have reviewed the constitutional claims and questions of law raised in Andujar's opening brief and find them all to be lacking in merit.  In particular, we reject Andujar's claim that he has proven he is a non-removable "national," as that term is defined in 8 U.S.C. § 1101(a)(22): "[t]he term 'national of the United States' means (A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States."  Andujar, an alien who allegedly made an oath of allegiance to the United States, is not a national under our precedent. See Salim, 350 F.3d at 309 (in determining whether petitioner is a national, "simply filing an application for naturalization" is not enough; "for one such as Salim who is a citizen of

4

another country, nothing less than citizenship will show 'permanent allegiance to the United States.'"); accord Lin v. United States, 561 F.3d 502, 508 (D.C. Cir. 2009) ("We join the majority of our colleagues and conclude manifestations of 'permanent allegiance' do not, by themselves, render a person a U.S. national.").[1]

In addition, we reject Andujar's claim that his due process rights were "violated by [the] INS when it did not inform the Petitioner that it had denied his application for naturalization in 1999, where the Petitioner only discovered this fact in 2009." Andujar fails to explain how the alleged lack of notice concerning USCIS's denial of his naturalization application implicates the validity of the underlying order of removal. But even if this were a proper due process claim, there is no record support for Andujar's allegation that he did not receive notice that his naturalization application was denied and, in any event, he fails to adequately explain how he was prejudiced in any way by the lapse of time. See Leslie v. Att'y Gen., 611 F.3d 171, 175 (3d Cir. 2010) ("allegations of due

---

[1] Regarding Salim, Andujar requests that we "revisit its holding and overrule it." Under our Internal Operating Procedures, however, "this panel cannot overturn a prior panel's precedential opinion." Pareja v. Att'y Gen., 615 F.3d 180, 190 (3d Cir. 2010); see IOP 9.1 ("no subsequent panel overrules the holding in a precedential opinion of previous panel. Court en banc reconsideration is required to do so"). Alternatively, Andujar notes our statement that "a panel of our Court may decline to follow a prior decision of our Court without the necessity of an en banc decision when the prior decision conflicts with a Supreme Court decision." United States v. Tann, 577 F.3d 533, 541 (3d Cir. 2009). But Andujar cites no Supreme Court decision, nor are we aware of one, that conflicts with the holding of Salim.

5

process violations must ordinarily be accompanied by an initial showing of substantial prejudice") (citation and internal quotations omitted).[2]

Finally, we reject Andujar's claim that the termination of his social security benefits, by virtue of his anticipated removal, will "leave him as the anvil for a hammering bill of attainder." This claim is foreclosed by Flemming v. Nestor, 363 U.S. 603, 612-21 (1960). Deportation statutes are civil in nature and non-punitive in the constitutional sense, INS v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984); Perez v. Elwood, 294 F.3d 552, 557 (3d Cir. 2002), a fact that obviates the ability of Andujar to demonstrate the existence of a bill of attainder. See United States v. O'Brien, 391 U.S. 367, 384 n.30 (1968) (listing "punishment" as one of three "definitional elements" of legislation that constitutes a bill of attainder).[3]

---

[2] In denying the naturalization application, USCIS noted that its review of Andujar's nine criminal dispositions "indicate arrests from years 1980 to 1990," and that "[i]t must be noted that you pled guilty to all of the charges that you were arrested for. No evidence has been provided to conclusively support your reported lifestyle change as you failed to provide any documentary substantiation." (AR 15.) Notably, Andujar's removal was predicated on a criminal conviction that postdated the denial of his naturalization application by several years. We fail to grasp the significance of any alleged lack of notice concerning USCIS's *denial* of the naturalization application. Andujar does not suggest that he would have abstained from criminal activity if only he had received prompt notice of USCIS's determination.

[3] We disagree with Andujar's contention that the civil nature of immigration proceedings has changed following Padilla v. Kentucky, 130 S. Ct. 1473 (2010). See

IV.

Andujar's "motion for leave to abandon Convention Against Torture Act claim, and for lifting of any stay of removal in relation thereof," is granted, although we note that there does not appear to be any stay in place. His request for appointment of counsel is denied. Andujar's petition for review will be denied.

---

Alvarado-Fonseca v. Holder, 631 F.3d 385, 391-92 (7th Cir. 2011) (In Padilla, "the Court noted that 'deportation is a particularly severe 'penalty,' and that removal proceedings, while 'civil in nature,' are 'intimately related to the criminal process.' However, the Court also reaffirmed that deportation 'is not, in a strict sense, a criminal sanction.'") (internal citations omitted).