EASTERBROOK, Chief Judge,
dissenting.
My colleagues have written a complex opinion in a simple case. Zivkovic wants a waiver of inadmissibility under 8 U.S.C. § 1182(c)-. He is ineligible if even one of his convictions is an “aggravated felony” as defined in 8 U.S.C. § 1101(a)(43). I disregard Zivkovic’s conviction for residential trespass. It is enough if either burglary or attempted rape is an “aggravated felony.”
Section 1101(a)(43)(G) says that burglary is an aggravated felony if the sentence was a year or more, as Zivkovic’s was. Section 1101(a)(43)(A) says that rape is an aggravated felony, and § 1101(a)(43)(U) adds that “an attempt or conspiracy to commit an offense described in this paragraph” likewise is an aggravated felony. (“[T]his paragraph” refers to all of (a)(43): lettered parts of a section are “subsections” and the numbered parts of subsections are “paragraphs.” See Office of the Legislative Counsel, United States Senate, Legislative Drafting Manual § 112 (1997).) This leaves only the question whether § 1101(a)(43) applies to convictions rendered during the 1970s. The answer is yes. The final, hanging sentence of § 1101(a)(43) reads: “Notwithstanding any other provision of law (including any effective date), the term [aggravated felony] applies regardless of whether the conviction was entered before, on, or after September 30,1996.”
A plainer declaration of retroactivity is hard to imagine — and the Supreme Court said exactly this in INS v. St. Cyr, 533 U.S. 289, 295 & n. 4, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), when stating that the definition of aggravated felonies in § 1101(a)(43) applies “without regard to how long ago they were committed.” To drive the point home, the Court repeated this observation, quoting from the hanging sentence, 533 U.S. at 319 & n. 43,121 S.Ct. 2271, and adding that this shows that Congress knows how to make a change retroactive. Id. at 320, 121 S.Ct. 2271.
My colleagues today nonetheless hold that, even if the full list of “aggravated felonies” consolidated in § 1101(a)(43) applies to pre-1996 convictions, those older convictions do not carry the statutorily prescribed consequences of aggravated felonies — and this despite contrary conclusions of the responsible agency, Matter of Lettman, 22 I. & N. Dec. 365 (1998) (en banc), and three other courts of appeals. Bell v. Reno, 218 F.3d 86 (2d Cir.2000); Lewis v. INS, 194 F.3d 539, 544-46 (4th Cir.1999); Lettman v. Reno, 207 F.3d 1368 (11th Cir.2000). Today’s decision follows a divided panel in the Ninth Circuit. Ledezma-Galicia v. Holder, 636 F.3d 1059 (9th Cir.2010). But it is contrary to the language of § 1101(a)(43), the view of the Supreme Court, and the holdings of three other circuits.
The majority opinion is so long and complex because it tries to sort out the relation among the 1988, 1990, and 1996 Acts (sometimes dubbed ADAA, IMMAct, and IIRIRA) by using tools other than the language of the statute now in force. If we want to know whether the current definition of “aggravated felony” applies to *913 pre-1996 convictions (and thus pre-1988 and pre-1990 convictions) we need not go beyond the hanging sentence at the end of § 1101(a)(43). No backstory is needed.
The presumption against retroactivity tells us how to deal with ambiguity, but the hanging sentence is pellucid. St. Cyr said as much. The 1988 and 1990 Acts survive in part in § 1101(a)(43), but their effective dates are history; the hanging sentence tells us how the date of convictions matters today. As for “implied repeal”: the 1988 Act said that it was not retroactive, and the 1990 Act was ambiguous about retroactivity. Neither was “repealed” by the statement in 1996 that the definition as amended is retroactive. The 1988 statement “this Act is not retroactive” is 100% compatible with the 1996 declaration “Ah, but this Act is retroactive.” Neither modifies the other. It’s not as if the 1988 Act said: “Any statute enacted later will not make these substantive changes apply to older convictions.” Then the 1996 Act would have repealed that part of the 1988 Act. But that’s not what happened. There is no “repeal” when a more recent Congress declares that the current definition applies whether or not the date mattered under a predecessor statute. (Recall that the hanging sentence begins: “Notwithstanding any other provision of law (including any effective date) ...” (emphasis added).) Section 7344(b) of the 1988 Act, and § 602 of the 1990 Act, tell us the temporal reach of those Acts; they are not part of the United States Code and do not control the temporal reach of § 1101(a)(43) as amended in 1996 and later.
The hanging sentence of § 1101(a)(43) decides this case. Once we conclude that the 1996 Act’s changes to § 212(c) apply to Zivkovie (I agree with Part IV.A of the majority’s opinion), everything else becomes irrelevant.
My colleagues reach a different conclusion because they agree with Ledezma-Galicia that, although the definitions in § 1101(a)(43) apply to older convictions, the consequences- of those definitions are not necessarily retroactive. I don’t get it — nor did Judge Bybee, dissenting in Ledezmar-Galicia, 636 F.3d at 1080-92. Congress has addressed through § 1101(a)(43) which criminal convictions count as aggravated felonies. Other parts of the statute specify the effects of that label. In the main, an alien convicted of an aggravated felony is removable and ineligible for discretionary relief. Particular parts of the Immigration and Nationality Act outside § 1101(a)(43) may or may not be retroactive, but not because of anything in the 1988 and 1990 Acts.-
The only part of immigration law plausibly limiting today’s consequences of pre1996 convictions that count as aggravated felonies under § 1101(a)(43) would be § 212(c), '8 U.S.C. § 1182(c), the subject of St. Cyr. But all three members of this panel conclude that Zivkovie — whose convictions for burglary and attempted rape predate the legislation authorizing waiver of inadmissibility for such crimes, and who therefore cannot have relied on the pre1996 version of § 212(c) when making choices in the criminal prosecutions — does not get any benefit from St. Cyr’s limitation on how § 212(c) applies to pre-1996 convictions. See Part IV.A of the majority opinion.
If § 1101(a)(43) applies to all pre-1996 convictions, and § 212(c) thus forecloses a waiver of inadmissibility, then what statute is it that withholds the “consequences” of Zivkovic’s conviction? My colleagues do not say, and neither did Ledezma-Galicia.
Our opinion in Alvarado-Fonseca v. Holder, 631 F.3d 385 (7th Cir.2011), left open the possibility of distinguishing definitions from consequences, while hinting that it doubted the Ninth Circuit’s hairsplitting. The panel in Alvarado-Fonseca *914 refrained from a definitive conclusion, however, because the alien had failed to raise before the BIA an argument based on this elusive distinction.
The reason to get the Board’s view is that its understanding of the relation among the 1988, 1990, and 1996 Acts deserves substantial weight in resolving disputes about their interaction. See Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), and, e.g., Holder v. Martinez Gutierrez, U.S. —, 132 S.Ct. 2011, 2017, 182 L.Ed.2d 922 (2012); Negusie v. Holder, 555 U.S. 511, 516-17, 129 S.Ct. 1159, 173 L.Ed.2d 20 (2009); INS v. Aguirre-Aguirre, 526 U.S. 415, 424-26, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999). To resolve Zivkovic’s application for a waiver, the Board had to decide whether the 1996 decision that § 1101(a)(43) applies to all older convictions leaves any room for a conclusion that some aliens who have “aggravated felonies” (thus defined) on their records nonetheless are spared the normal consequences. My colleagues think that issue cloudy and wrestle with it at length. Ambiguity in an agency’s organic statute is the core of Chevron’s domain, and this is true even if the dispute concerns the agency’s authority. Arlington v. FCC, — U.S. -, 133 S.Ct. 1863, — L.Ed.2d - (2013).
Although my colleagues point out that the Supreme Court did not use Chevron when resolving retroactivity issues in Vartelas v. Holder, — U.S. -, 132 S.Ct. 1479, 182 L.Ed.2d 473 (2012), it was not asked to do so. Issues not presented by the parties are not resolved. Chevron was argued in St. Cyr and addressed in a footnote, 533 U.S. at 320 n. 45, 121 S.Ct. 2271, which observes that Chevron matters only when other tools do not provide an answer. That’s Chevron’s Step One. St. Cyr said that the rule requiring clear language to warrant retroactivity was such a tool, leaving no gap for the agency to fill. My colleagues conclude from this that Chevron is irrelevant to all questions related to retroactivity. Yet the hanging sentence of § 1101(a)(43), which makes the amended definition retroactive, supplies what was missing in St. Cyr — as the Court itself observed, 533 U.S. at 295 & n. 4, 319-20 & n. 43,121 S.Ct. 2271.
On my colleagues’ understanding that definitions and consequences must be analyzed separately, there is a knotty question about the relation among the 1988, 1990, and 1996 Acts. St. Cyr does not address that subject, which concerns Chevron’s Step Two — and for reasons I have given is not within the scope of the presumption against retroactivity. The agency’s views therefore should be respected, not thrown into the trash. Unanimous panels of three courts of appeals, one judge on the Ninth Circuit’s panel, and one judge on this circuit’s panel agree with the Board either after independent review or through the lens of Chevron; and of the four other judges (two on the Ninth Circuit and two on this circuit) none has concluded that answer is too clearly against the Board’s views to admit of debate. As Judge Bybee put it: “so twisted and complex are the provisions at issue here that — short of spitting in a bucket — the BIA could have concluded almost anything in this case and been reasonable. There is nothing ‘plain’ about these statutes. If Chevron means anything, this is a classic case for deferring to the agency.” 636 F.3d at 1080-81 (dissenting opinion). And if Chevron falls out, we still have Mead-Skidmore deference. See United States v. Mead Corp., 533 U.S. 218, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001); Skidmore v. Swift & Co., 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944). Yet my colleagues give the Board’s views no weight. If (as I doubt) there is a *915 distinction between definitions and consequences, the Board’s views should prevail.