In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-1353

MAURICIO GUILLERMO MORAL-SALAZAR,

*Petitioner,*

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent.*

Petition for Review of an Order of
the Board of Immigration Appeals.
No. A041 664 079

ARGUED NOVEMBER 14, 2012—DECIDED FEBRUARY 28, 2013

Before MANION, KANNE, and TINDER, *Circuit Judges.*

MANION, *Circuit Judge.* The U.S. Department of Homeland Security began removal proceedings against Mauricio Moral-Salazar ("Moral") because of his multiple criminal convictions, including unlawful use of a weapon and sexual abuse of a minor. The Immigration Judge ("IJ") granted five continuances, four of which allowed Moral to pursue state-court post-conviction

proceedings seeking to set aside his guilty plea for sexual abuse of a minor occurring in 2002. After Moral informed the IJ that the state criminal court dismissed his petition, the IJ denied his request for another continuance and ordered his removal. Moral, through counsel, appealed the IJ's decision to the Board, and the Board denied the appeal and denied Moral's request for additional continuances.

Moral's appeal of the Board's order in this court presents another hurdle in the analysis of jurisdiction-stripping provisions of the Immigration and Nationality Act ("INA") and their application to discretionary determinations such as the denial of a motion for continuance during removal proceedings. Recent cases construing the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B) have allowed review of procedural orders made discretionary by regulation, *see Kucana v. Holder*, 130 S. Ct. 827 (2010), even where a court has no jurisdiction to consider the merits of the alien's removal, *see Calma v. Holder*, 663 F.3d 868 (7th Cir. 2011). But since *Calma*, we have yet to confront the scope of the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(C) and whether it, unlike § 1252(a)(2)(B), does not allow review of the denial of a motion for continuance. We conclude that § 1252(a)(2)(C), which is phrased more broadly than subsection (B), strips this court of jurisdiction here. Accordingly, we dismiss the petition for review.

## I. Background

Moral is a citizen and native of Ecuador who was admitted to the United States in 1988 as an immigrant.

He was convicted of several crimes here, including criminal sexual abuse of a minor (2002), which is an aggravated felony, *see* 8 U.S.C. § 1101(a)(43)(A), and unlawful use of a weapon (1997). In 2011, the Department of Homeland Security charged Moral as removable due to his criminal activities.

In his removal proceedings before an immigration judge, Moral received a total of five continuances, four of which sought more time to allow him to pursue post-conviction relief in Illinois state court on his 2002 sex-abuse conviction. In state court Moral sought to withdraw his guilty plea and overturn that conviction on grounds that he was not informed of the immigration consequences of his plea in violation of *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). Overturning this conviction, he maintains, would affect his immigration proceedings because the conviction was an aggravated felony that precluded cancellation of removal under 8 U.S.C. § 1229b(a)(3). *See* 8 U.S.C. § 1101(a)(43)(A). Eventually, the state court dismissed his petition for post-conviction relief as untimely. Moral appealed that decision and filed a new action in state court, seeking equitable tolling of the statute of limitations for post-conviction relief.

After Moral's initial petition for post-conviction relief was denied, the IJ, who had already granted five continuances, refused to grant any more and entered an order of removal. The IJ acknowledged Moral's right to challenge his conviction in state court, but concluded that that "right had certain boundaries attached to it in

the form of a deadline." Because Moral "had the opportunity to exercise his right to attack the conviction and . . . obtained the ruling of the trial court in that regard," the IJ, in his discretion, decided not to grant more continuances to permit Moral to pursue an appeal of the state-court judgment or his equitable-tolling suit.

Moral appealed to the Board of Immigration Appeals, which upheld the IJ's decision. The Board noted that the IJ had discretion to allow a continuance as long as there was "good cause," but determined that Moral's ongoing efforts to pursue post-conviction relief did not constitute "good cause." According to the Board, post-conviction challenges generally are speculative, and Moral's hope of obtaining relief "after having his initial motion denied is particularly speculative." The Board also noted that Moral's challenges in state court were unlikely to be resolved in the foreseeable future. Finally, the Board observed, even if Moral were to successfully challenge his 2002 conviction, he had not made a prima facie showing that cancellation of removal would be appropriate in light of his other criminal convictions.

## II. Discussion

Moral argues that the Board abused its discretion by denying his motion for a continuance to allow him to pursue his state-court appeal or his new suit seeking equitable tolling. Moral contends that the denial of a continuance renders toothless the Supreme Court's decision in *Padilla*, 130 S. Ct. 1473, because without the con-

tinuance, he has no remedy for his public defender's alleged failure to inform him of the immigration consequences of his 2002 guilty plea.

The government raises a threshold issue: whether we have jurisdiction to even consider the merits of Moral's case. The government contends that the jurisdictional bar in 8 U.S.C. § 1252(a)(2)(C) makes the Board's decisions in this case completely unreviewable. In support of this argument, the government points to the statutory language of subsection (C), which disallows review of "any final order of removal" against an alien who is removable by reason of having committed certain criminal offenses (including sexual abuse of a minor, an aggravated felony covered in § 1227(a)(2)(A)(iii)). The government also cites case law that interprets subsection (C) to preclude even the review of discretionary, procedural decisions such as the denial of a motion for continuance. Further, the government argues that the exception for constitutional or legal issues, *see* 8 U.S.C. § 1252(a)(2)(D), is construed narrowly and cannot salvage Moral's primarily factual contention that the Board abused its discretion by denying a motion for continuance. On the jurisdictional issue, the government cites case law that predates *Calma v. Holder*, 663 F.3d 868 (7th Cir. 2011); it does not consider what, if any, impact *Calma* should have on this court's interpretation of subsection (C).

In this case, we must determine whether our analysis in *Calma*, which focused exclusively on § 1252(a)(2)(B), applies to the jurisdictional bar set out in § 1252(a)(2)(C).

In *Calma*, we decided that we had jurisdiction to review the Board's denial of a motion for continuance where an alien's procedural challenge did not implicate the merits of an otherwise unreviewable removal order. *Calma*, 663 F.3d at 878. This case raises a similar question—whether we have jurisdiction to review an alien's challenge to the denial of a motion for continuance—but requires us to consider a different statutory provision, subsection (C). As noted above, this provision deprives us of jurisdiction "to review any final order of removal" against an alien who has been convicted of certain enumerated crimes. 8 U.S.C. § 1252(a)(2)(C). Subsection (C) applies to Moral because he has been convicted of an aggravated felony—sexual abuse of a minor—*see id.* §§ 1227(a)(2)(A)(iii); 1101(a)(43)(A), and illegal use of a firearm, *see id.* § 1227(a)(2)(C). (The sexabuse conviction resulted from the guilty plea that Moral unsuccessfully challenged in state court.)

Recently the Supreme Court in *Kucana v. Holder*, 130 S. Ct. 827 (2010), and subsequently this court in *Calma*, 663 F.3d 868, concluded that the jurisdiction-stripping provisions found in 8 U.S.C. § 1252(a)(2)(B)(i) and (ii) did not apply to agency decisions made discretionary by regulation. Specifically, these included the denials of motions to reopen and motions for continuance. In *Kucana* the Supreme Court held that § 1252(a)(2)(B)(ii) does not bar judicial review of agency decisions made discretionary by regulation rather than by statute. *See Kucana*, 130 S. Ct. at 839-40. The Court interpreted subsection (B)(ii) to allow judicial review of a motion to reopen, which was made discretionary by regulation.

*See Kucana*, 130 S. Ct. at 840; 8 C.F.R. § 1003.2(a). Though *Kucana*'s holding extended only to subsection (B)(ii), some of the Court's analysis suggested broader implications. In construing the statute, the Court relied on the "presumption favoring judicial review of administrative action." *Id.* at 839. The Court also emphasized that decisions on a motion to reopen are adjunct, procedural rulings, which do not concern substantive relief, but instead ensure that aliens have a fair chance to present their claims. *Id.* at 837. But the Court declined to decide whether a discretionary procedural determination could be reviewed in cases where jurisdiction was otherwise lacking over the alien's underlying claim for relief. *Id.* at 839 n.17.

In *Calma*, we extended *Kucana*'s holding to the other provision of subsection (B), 8 U.S.C. § 1252(a)(2)(B)(i). In *Calma*, petitioners challenged the denials of motions for continuance, but not the merits of the underlying denials of adjustment of status that are covered by the jurisdictional bar in subsection (B)(i). *See Calma*, 663 F.3d at 873. Motions for continuance, like the motions to reopen considered in *Kucana*, are made discretionary by regulation. *See* 8 C.F.R. § 1003.29. We noted that subsection (B)(i) prohibits review of the ultimate adjustment-of-status decision, but "says nothing about review of antecedent procedural decisions such as continuances." *Id.* at 877. We concluded that we had jurisdiction to review the continuance motions, because they "do not implicate the merits of a final unreviewable order but instead merely defer the resolution of the merits so that the process as a whole can be completed with integrity." *Id.* at 878.

*Kucana* and *Calma* dealt only with § 1252(a)(2)(B), but there are possible reasons to consider extending their holdings to subsection (C). It is true, for instance, that as in *Calma*, Moral's motion for a continuance sought to "defer the resolution of the merits," rather than overturn a final, unreviewable order. *Calma*, 663 F.3d at 878. Also, both *Kucana* and *Calma* recognize a general principle of statutory construction: the presumption favoring judicial review of administrative action. *See Kucana*, 130 S. Ct. at 839; *Calma*, 663 F.3d at 877. And in *Calma*, we were presented with and answered a question left open by *Kucana*[1] and determined that a court may review a procedural decision in some circumstances even where it lacks jurisdiction to review the merits of a final, unreviewable order. *Calma*, 663 F.3d at 878; *Kucana*, 130 S. Ct. at 839 n.17.

But textual differences between subsection (B) and subsection (C) prevent us from extending *Calma*'s holding to subsection (C). "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely

[1] As noted in *Calma*, the question left open in *Kucana* was "whether review of [decisions made discretionary by regulation] would be precluded if the court would lack jurisdiction over the alien's underlying claim for relief." *Calma*, 663 F.3d at 873. In *Kucana*, the Court concluded that the jurisdictional bar under 8 U.S.C. § 1252(a)(2)(B)(ii) did not apply because the Board's decision (on a motion to reopen) was made discretionary by regulation, not by statute. *See* 130 S. Ct. at 839-40.

in the disparate inclusion or exclusion." *Kucana*, 130 S. Ct. at 838 (internal quotation marks and brackets omitted). While subsection (B) denies jurisdiction to review certain agency decisions, Congress went further in drafting subsection (C), which unequivocally declares that "no court shall have jurisdiction to review *any final order of removal*" against an alien who is re-movable by reason of having committed certain criminal offenses, such as Moral's aggravated felony and firearm violation. 8 U.S.C. § 1252(a)(2)(C) (emphasis added).[2] We have interpreted the phrase "final order of removal" to encompass not only the actual removal order, but all decisions closely related to the proceeding. *Torres-Tristan v. Holder*, 656 F.3d 653, 658 (7th Cir. 2011). Thus an explicit jurisdictional bar on reviewing "any final order of removal" includes prior procedural orders like a motion for continuance. Subsection (B), on the other hand, is more narrowly worded, denying "jurisdiction

---

[2] In *Kucana*, the Supreme Court emphasized that the scope of the INA's jurisdictional bars must be defined by statute, not by regulation. "By defining the various jurisdictional bars by reference to other provisions in the INA itself, Congress ensured that it, and only it, would limit the federal courts' jurisdiction. To read § 1252(a)(2)(B)(ii) to apply to matters where discretion is conferred on the Board by regulation, rather than on the Attorney General by statute, would ignore that congressional design." *Kucana*, 130 S. Ct. at 839-40. The scope of the jurisdictional bar under § 1252(a)(2)(C) is defined by statute, and its language denies us jurisdiction to review a discretionary denial of a continuance.

to review" specified decisions of the Attorney General or his subordinates. 8 U.S.C. § 1252(a)(2)(B); *see also Petrov v. Gonzales*, 464 F.3d 800, 802 (7th Cir. 2006) (comparing subsection (B), "which forbids review of particular issues in a case" with subsection (C), which "provides that the 'order of removal' itself is unreviewable"); *Ogunfuye v. Holder*, 610 F.3d 303, 307 (5th Cir. 2010) (referring to subsection (C) as "broader" than subsection (B)).

Thus, in light of the text of 8 U.S.C. § 1252(a)(2)(C), we decline to extend *Calma* and *Kucana* to removal orders where an alien has been convicted of a crime covered by the jurisdictional bar in subsection (C).[3] Even procedural decisions made discretionary by regulation are therefore unreviewable (unless a legal or constitutional issue exists) in such cases. Our sister circuits have similarly concluded, after *Kucana*, that subsection (C) bars review of aggravated felons' motions for continuance. *See Waugh v. Holder*, 642 F.3d 1279, 1284-85 (10th Cir. 2011); *Ogunfuye*, 610 F.3d at 307.

Nothing in this opinion, however, should be understood to preclude judicial review of a denial of the exceptional remedy of deferral of removal under the Con-

---

[3] Because this opinion establishes an analysis under 8 U.S.C. § 1252(a)(2)(C) that is distinct from the approach taken in *Calma* for petitions covered by § 1252(a)(2)(B), this opinion has been circulated to all active judges pursuant to Circuit Rule 40(e). No judge in regular active service voted to hear the case en banc.

vention Against Torture ("CAT"), which bars its signatories from returning a person to a country where he is likely to be tortured. *See Wanjiru v. Holder*, No. 11-3396, slip op. at 10-13, 2013 WL 135712, at *5-6 (7th Cir. Jan. 11, 2013); *Issaq v. Holder*, 617 F.3d 962, 969-70 (7th Cir. 2010). Aliens facing torture who are not eligible for withholding of removal under the CAT (certain criminals, for example) may petition for deferral of removal, which halts removal proceedings but may be revisited if circumstances change. *See Wanjiru*, No. 11-3396, slip op. at 11, 2013 WL 135712, at *5; 8 C.F.R. §§ 1208.16(c)(4); 1208.17. Deferral of removal under the CAT is a unique remedy that requires a distinct jurisdictional analysis. An erroneous denial of deferral of removal may result in a person being tortured or killed in his home country. And judicial review of decisions under the CAT—a U.N. treaty signed and ratified by the United States—helps ensure that this country is meeting its international obligations. *See Wanjiru*, No. 11-3396, slip op. at 13, 2013 WL 135712, at *6. These unusual considerations are not present in a case, like Moral's, in which an alien who has committed crimes and seeks to avoid deportation petitions for review of a denial of a motion for continuance, a routine procedural motion.

Notwithstanding subsection (C)'s jurisdictional bar, we would have jurisdiction to review any legal and constitutional issues that Moral raises. *See* 8 U.S.C. § 1252(a)(2)(D). But Moral presents no legal or constitutional question here. Moral contends that the Board and IJ abused their discretion by denying him further continuances to pursue post-conviction relief under

*Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). Mere reference to a legal standard or a constitutional provision, however, does not convert a discretionary decision into a reviewable legal or constitutional question. *See Zamora-Mallari v. Mukasey*, 514 F.3d 679, 696 (7th Cir. 2008) (a petitioner may not create jurisdiction by "cloaking an argument in constitutional garb") (internal quotation marks and ellipsis omitted); *Adebowale v. Mukasey*, 546 F.3d 893, 896 (7th Cir. 2008). Though Moral cites the Supreme Court's decision in *Padilla*, Moral's constitutional challenge to his conviction was properly before the Illinois state courts; neither the agency nor this court may rule on its merits. *See Ghani v. Holder*, 557 F.3d 836, 839 (7th Cir. 2009) ("immigration proceedings are not a permissible venue for attacking the validity of a criminal conviction").

### III.  Conclusion

Accordingly, we DISMISS Moral's petition for want of jurisdiction.