NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 9, 2014
Decided July 31, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-3896

| | |
|---|---|
| MIGUEL ANGEL GOMEZ AYALA, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A044 098 403 |
| ERIC H. HOLDER, JR., Attorney General of the United States, *Respondent*. | |

## O R D E R

Miguel Angel Gomez Ayala—a Mexican citizen who was ordered removed from the United States as an alien convicted of controlled-substance crimes, *see* 8 U.S.C. § 1182(a)(2)(A)(i)(II)—petitions for review of an order of the Board of Immigration Appeals deeming him ineligible for a waiver of inadmissibility and voluntary departure, and affirming the denial of a continuance. He contends that the Board and the immigration judge erred by basing their rulings on his conviction for cocaine trafficking—a conviction that Gomez Ayala says the government never proved and he never admitted. We deny the petition for review.

Gomez Ayala became a lawful permanent resident in 1993. Although the details of his criminal history are disputed (as discussed later), he apparently was convicted in Illinois state court in 1999 of possessing cannabis and in 2005 of trafficking cocaine. He came to the attention of immigration authorities in 2011, when he applied for admission to the United States after traveling abroad. The Department of Homeland Security initiated removal proceedings, charging him with inadmissibility on two grounds: as a person convicted of controlled substance crimes, *see* 8 U.S.C. § 1182(a)(2)(A)(i)(II), and as a person who "the Attorney General knows or has reason to believe . . . is or has been an illicit trafficker in any controlled substance," *see id.* § 1182(a)(2)(C). Only the first ground—that he is a person convicted of a drug offense—is relevant here because it is the only ground on which Gomez Ayala has been ordered removed. *See SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943); *Alvarado-Fonseca v. Holder*, 631 F.3d 385, 388 n.1 (7th Cir. 2011).

The notice to appear in the agency's record—the notice that was submitted to the IJ—sets forth Gomez Ayala's violations as numbered allegations, and two of those allegations (allegations 4 and 5, which list his drug convictions) are significant here. Allegation 4 refers to Gomez Ayala's 1999 conviction for possessing cannabis and allegation 5 refers to his 2005 cocaine-trafficking conviction:

> The Department of Homeland Security alleges that you:
> . . .
> 4. On or about June 10, 1999 you were convicted in the Circuit Court of Cook County at Chicago, IL for the offense of Possess Cannabis;
> 5. On or about June 29, 2005 you were convicted in the Circuit Court of Cook County at Chicago, IL for the offense of Manufacture/Deliver 01-15 Grams Cocaine/Analog.

Gomez Ayala apparently intended to admit the 1999 conviction for possession of cannabis (allegation 4) and deny the 2005 cocaine-trafficking conviction (allegation 5). But his counsel did the opposite throughout the removal proceedings, always referring to the allegations by number. Counsel stated in a motion to change venue that Gomez Ayala "admits allegations 1, 2, 3, 5, and 6" but "denies allegation 4." Counsel confirmed

these admissions when, at the first hearing, the IJ stated, "it looks like the respondent admitted one, two, three, five and six but denied allegation number four," to which counsel replied, "[t]hat is correct." The government responded by submitting a record of the cannabis conviction, the only conviction that counsel had denied. Counsel conceded that Gomez Ayala was removable under § 1182(a)(2)(A)(i)(II) as a person convicted of a controlled substance offense, but he moved for a continuance so that Gomez Ayala could seek (through state postconviction proceedings) to withdraw his guilty plea to the 2005 cocaine-trafficking conviction on the ground that he was not informed of the consequences of his plea in violation of *Padilla v. Kentucky*, 559 U.S. 356 (2010). The IJ granted a continuance to allow Gomez Ayala time to pursue this relief in state court.

At the next hearing six months later, Gomez Ayala requested another continuance pending resolution of his state postconviction challenge. The IJ denied this request, terminated Gomez Ayala's LPR status, and ordered him removed. In denying the continuance, the IJ concluded that even if Gomez Ayala vacated his 2005 cocaine-trafficking conviction, his 1999 conviction for possession of cannabis rendered him inadmissible and ineligible for either a waiver of inadmissibility or cancellation of removal. A waiver was unavailable, the IJ explained, because Gomez Ayala could apply for it only if his inadmissibility were based solely on "a single offense of simple possession of 30 grams or less of marijuana," *see* 8 U.S.C. § 1182(h), and he had not established that his 1999 conviction "was for possession of 30 grams or less." And Gomez Ayala was ineligible for cancellation of removal under 8 U.S.C. § 1229b(a), the IJ added, because he had not resided in the U.S. continuously for seven years. The "period of continuous residence" ends "when the alien . . . has committed an offense referred to in" § 1182(a)(2), *see id.* § 1229b(d)(1), and Gomez Ayala in 1999 had committed such an offense—possession of cannabis. Finally, the IJ concluded that Gomez Ayala was ineligible for voluntary departure because of his conviction for an aggravated felony, *see id.* §§ 1229c(b)(1)(C), 1227(a)(2)(A)(iii)—his 2005 drug-trafficking conviction, *see id.* § 1101(a)(43)(B).

Gomez Ayala appealed to the Board, arguing that the 2005 cocaine-trafficking conviction was never admitted by him or proved by the government, and thus, the IJ

erred in relying on the 2005 conviction to conclude that he was ineligible for a waiver of inadmissibility and voluntary departure, and to deny his request for a continuance. Gomez Ayala stated in the brief to the Board that he had "expressly denied allegation 4" and that DHS "failed to provide the Immigration Court with any record supporting allegation 4, *the one dealing with the 2005 drug trafficking offense*, the most serious allegation contained in the Notice to Appear" (emphasis added). These statements suggest that counsel had gotten allegations 4 and 5 backwards. Counsel's representation that Gomez Ayala denied allegation 4 appears nonsensical in that allegation 4 (as set forth in the notice to appear in the agency's record) referred to the 1999 conviction for possession of cannabis, not to the 2005 drug-trafficking conviction that was set forth in allegation 5.

The Board affirmed, not mentioning counsel's apparent misreading of the notice to appear but explaining that "[t]he respondent admitted the fact of his 2005 conviction as alleged in the Notice to Appear and conceded removability," thus "reliev[ing] the DHS of the burden to provide conviction records proving that allegation and charge of removability." And, the Board continued, the IJ properly denied a continuance because the possibility that the state court would vacate the 2005 conviction "was too speculative to establish good cause for another continuance." Finally, the Board explained that Gomez Ayala was ineligible for voluntary departure because his 2005 conviction was for an aggravated felony.

In his petition, Gomez Ayala advances only one argument: that the IJ and the Board erred by relying on the supposedly unproved 2005 cocaine-trafficking conviction to conclude that he was ineligible for a waiver of inadmissibility and voluntary departure, and to deny his request for a continuance. He asserts that the IJ "confused allegations number four and five in the Notice to Appear" and thus "mistakenly thought that Petitioner admitted the allegation pertaining to the drug trafficking offense and denied the allegation pertaining to a simple possession of marijuana, which was the only conviction proven by the Government." Gomez Ayala contends that this purported mistake by the IJ led to a "disregard [of] the Government's failure to meet its burden of proof."

The government presents a threshold argument—that this court lacks jurisdiction to review Gomez Ayala's petition because he is "removable by reason of having committed a criminal offense covered in section 1182(a)(2)." 8 U.S.C. § 1252(a)(2)(C); *see Moral-Salazar v. Holder*, 708 F.3d 957, 961–62 (7th Cir. 2013). But the jurisdictional bar identified by the government does not apply when the petitioner raises legal or constitutional issues. *See* 8 U.S.C. § 1252(a)(2)(D); *Moral-Salazar*, 708 F.3d at 962. And Gomez Ayala raises a legal issue by asserting that the IJ and the Board mistakenly relieved the government of its burden of proving the fact of his 2005 drug-trafficking conviction. *See Cruz-Moyaho v. Holder*, 703 F.3d 991, 997 (7th Cir. 2012).

Gomez Ayala's argument is nonetheless a nonstarter. The administrative record shows that counsel repeatedly admitted allegation 5, which—according to the notice to appear that was before the IJ and the Board—referred to the 2005 cocaine-trafficking conviction. In immigration proceedings, as elsewhere, litigants are bound by the admissions of their attorneys. *See Georgieva v. Holder*, 751 F.3d 514, 521–22 (7th Cir. 2014); *Hanna v. Holder*, 740 F.3d 379, 387 (6th Cir. 2014); *Perez-Mejia v. Holder*, 663 F.3d 403, 414–15 (9th Cir. 2011); *Hoodho v. Holder*, 558 F.3d 184, 192 (2d Cir. 2009). Thus, the IJ and the Board did not err by concluding that the government was relieved of its burden of proving the 2005 conviction.

At oral argument, we asked counsel (who represented Gomez Ayala before both the IJ and the Board) about his apparently mistaken admissions. Counsel replied that the notice to appear that was served on Gomez Ayala differed from the version of the notice that was given to the IJ, in that it had allegations 4 and 5 backwards, and that this unexplained transposition led to confusion over the particular allegations that were admitted. The government responded at argument that it was unaware of any differences between the two versions. But regardless of whether the notices are in fact inconsistent, we cannot consider this argument because Gomez Ayala neither raised it in his petition, *see Veluchamy v. FDIC*, 706 F.3d 810, 817 (7th Cir. 2013); *Ceta v. Mukasey*, 535 F.3d 639, 649 n.16 (7th Cir. 2008), nor presented it first to the Board, *see Cruz-Mayaho v. Holder*, 698 F.3d 574, 579 (7th Cir. 2012); *Alvarado-Fonseca v. Holder*, 631 F.3d 385, 389 (7th Cir. 2011).

Accordingly, we DENY Gomez Ayala's petition for review.