**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JUAN CASTILLO-HERNANDEZ,

     Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General

     Respondent.

No. 14-9504
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **MATHESON**, and **McHUGH**, Circuit Judges.

---

Mr. Castillo petitions for review of a Board of Immigration Appeals ("BIA")

order. We lack jurisdiction under Article III of the Constitution or 8 U.S.C.

§ 1252(a)(2)(C).

## I. BACKGROUND

Mr. Castillo is a Mexican citizen who entered the United States without inspection

no later than 1997. In July 2012, he married United States citizen Ms. Marisol Torres.

Their four children are United States citizens.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Castillo's criminal history includes convictions for the following Colorado state crimes:

- Theft of more than $100 but less than $500 in violation of Colo. Rev. Stat. § 18-4-401(1)(d), a class 2 misdemeanor (sentenced on April 28, 1998);
- First Degree Criminal Trespass in violation of Colo. Rev. Stat. § 18-4-502, a class 5 felony (sentenced on February 18, 2000);
- Third Degree Sexual Assault in violation of Colo. Rev. Stat. § 18-3-404, a class 1 misdemeanor (sentenced on August 21, 2002).

In 2013, Mr. Castillo was convicted of driving under the influence, which prompted immigration authorities to arrest and detain him due to his criminal history.

The Department of Homeland Security served a Notice to Appear ("NTA") on Mr. Castillo. It alleged he was removable under the Immigration and Nationality Act ("INA") for (1) being present in the United States without inspection or permission in violation of 8 U.S.C. § 1182(a)(6)(A)(i), and (2) being a noncitizen who committed a crime involving moral turpitude ("CIMT") in violation of § 1182(a)(2)(A)(i)(I). The NTA listed Mr. Castillo's convictions for theft, criminal trespass, and sexual assault as CIMTs.

On July 9, 2013, Mr. Castillo appeared with counsel at his immigration hearing. He admitted all allegations in the NTA and conceded both removability charges. His counsel requested a continuance to pursue state post-conviction proceedings challenging Mr. Castillo's felony criminal trespass and misdemeanor sex assault convictions. He asserted that but for those two convictions, Mr. Castillo "would be cancellation eligible"

under the ten-year cancellation of removal defense.  Hr'g Tr. of Jul. 9, 2013, ROA at 160.[1]

The Immigration Judge ("IJ") orally denied the motion to continue and issued a written decision ordering Mr. Castillo be removed to Mexico because he entered the country without inspection or permission and because he had been convicted of a CIMT.

Mr. Castillo appealed to the BIA.  He argued the IJ's denial of his motion to continue violated his "due process right to file a 35(c) motion pursuant to the Colorado Rules of Criminal Procedure."  Aplt. BIA Br., ROA at 22.  He further argued the continuance denial and his removal would violate his rights to due process, confrontation, effective assistance of counsel, state post-conviction procedures, and equal protection.[2]

_____

[1] The ten-year cancellation of removal defense requires, among other things, the petitioner have no CIMT offenses in his or her criminal history.  8 U.S.C. § 1229b(b)(1)(C).  Although Mr. Castillo has challenged only two of his three convictions in Colorado state court, his third conviction for class 2 misdemeanor theft might not bar cancellation if he qualifies for the petty offense exception.  *See* 8 U.S.C. § 1182(a)(2)(A)(ii)(II) (explaining that a conviction shall not be considered a CIMT if "an alien . . . committed only one crime" for which "the maximum penalty possible . . . did not exceed imprisonment for one year and . . . the alien was not sentenced to a term of imprisonment in excess of 6 months").

[2] A noncitizen challenging a removal order must generally exhaust "all administrative remedies available to the alien as of right," 8 U.S.C. § 1252(d)(1), including presenting "the *same specific legal theory* to the BIA before he or she may advance it in court," *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010).  However, because "§ 1252(d)(1) requires exhaustion only of 'remedies available to the alien as of right'" we do not require the "exhaustion of constitutional challenges to the immigration laws, because the BIA has no jurisdiction to review such claims." *Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1094 (10th Cir. 2008) (quotations omitted).

As noted below, Mr. Castillo challenges the INA's definition of conviction in 8

Continued . . .

On December 23, 2013, the BIA dismissed the appeal, noting Mr. Castillo admitted the charges supporting removability and reasoning "[t]he fact that the respondent is pursuing post-conviction relief in the form of a collateral attack on convictions in criminal court does not affect its finality for federal immigration purposes, or warrant the grant of a motion to continue."  BIA Order, ROA at 4.

Mr. Castillo was removed to Mexico on January 28, 2014.

## II.  DISCUSSION

Mr. Castillo has not shown we have jurisdiction under Article III of the Constitution or the INA to review the denial of his request for a continuance.  *Green v. Napolitano*, 627 F.3d 1341, 1344 (10th Cir. 2010) ("The party invoking a court's jurisdiction bears the burden of establishing it.").

We discuss (A) the contours of our jurisdiction, (B) Mr. Castillo's alleged injury, and (C) why we lack jurisdiction under Article III or the INA.

### A.  *Legal Background on Jurisdiction*

#### 1.  **Article III Standing**

Under Article III, Mr. Castillo must establish standing by demonstrating "(1) that he . . . has 'suffered an injury in fact;' (2) that the injury is 'fairly traceable to the challenged action of the defendant;' and, (3) that it is 'likely' that 'the injury will be

---

U.S.C. § 1101(a)(48)(A).  We consider whether that argument is colorable, even though he did not raise this constitutional challenge to the statute before the BIA, under the exception noted by *Vicente-Elias*.

-4-

redressed by a favorable decision.'" *Awad v. Ziriax*, 670 F.3d 1111, 1120 (10th Cir. 2012) (quoting *Ariz. Christian Sch. Tuition Org. v. Winn*, 131 S. Ct. 1436, 1442 (2011)).

Redressability requires the party seeking relief to show "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000); *see Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59, 75 n.20 (1978) (requiring "substantial likelihood . . . the relief requested will redress the injury claimed" (quotations omitted)). "This requirement assures that there is a real need to exercise the power of judicial review in order to protect the interests of the complaining party." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (quotations omitted).

2. **Immigration and Nationality Act**

Under the INA, we generally lack "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2)." 8 U.S.C. § 1252(a)(2)(C); *see* 8 U.S.C. § 1182(a)(2)(A)(i)(I) (authorizing the removal of a noncitizen having a CIMT). But "[n]othing in . . . [§ 1252(a)(2)](C) . . . shall be construed as precluding review of constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). We therefore have jurisdiction to review Mr. Castillo's CIMT-based removal only if he raises colorable "constitutional or legal challenges to the order." *Waugh v. Holder*, 642 F.3d 1279, 1281 (10th Cir. 2011).

## B. *Alleged Injury*

Mr. Castillo asserts that, had the IJ granted his continuance, his physical presence would have enabled him to participate fully in the collateral attacks on his convictions, thereby increasing the prospect of post-conviction relief, which in turn would improve his chances for cancellation of his removal. He asks us to reverse the denial of his continuance and order his return to the United States.

Mr. Castillo does not clearly explain his alleged injury. We discern two possibilities. First, Mr. Castillo's reply brief identified "deportation to Mexico" as his "injury." Aplt. Reply Br. at 2; *see also id.* ("[Mr.] Castillo has an injury in fact because he was ordered removed and he was physically removed to Mexico."). And at oral argument, his counsel reiterated that Mr. Castillo's "removal . . . is the standing injury." Oral Arg. 11:05-11:18. Second, Mr. Castillo also seems to argue his injury is his inability to participate in person in his state post-conviction proceedings. *See* Aplt. Br. at 14, 19-21.

Neither injury invokes our jurisdiction because (1) our ability to redress the alleged removal injury is no more than speculative, and (2) Mr. Castillo has not raised a colorable constitutional or legal argument indicating he has a right to be physically present in the United States during his state post-conviction process.

-6-

## C. *No Jurisdiction*

### 1. **No Article III Standing Redressability**

To the extent Mr. Castillo's alleged injury is his removal, his appeal is nonjusticiable because he cannot meet the redressability requirement for standing under Article III of the Constitution.

First, Mr. Castillo has not shown how granting him a continuance and returning him to the United States—the remedy he seeks here—will make success in his post-conviction challenges more likely and enable him to seek cancellation of removal. To cancel his removal, Mr. Castillo must succeed in his two collateral challenges and convince the IJ his remaining conviction does not bar a request for cancellation. This "prospect . . . can, at best, be termed only speculative." *Linda R.S. v. Richard D.*, 410 U.S. 614, 618 (1972). And it is purely conjectural whether his physical presence at his post-conviction proceedings would make any difference. *See Warth v. Seldin*, 422 U.S. 490, 507-08 (1975) ("[P]etitioners rely on little more than the remote possibility, unsubstantiated by allegations of fact, that their situation might have been better had respondents acted otherwise, and might improve were the court to afford relief. . . . [A] plaintiff . . . must allege specific, concrete facts demonstrating . . . that he personally would benefit in a tangible way from the court's intervention.").

Second, the likelihood that a favorable decision from this court would redress Mr. Castillo's removal injury is especially dubious given the barriers to his post-conviction relief. Mr. Castillo has not proffered evidence, legal argument, or even allegations

-7-

indicating how his state collateral attacks—brought more than ten years after his most recent conviction—can overcome Colorado's three-year and 18-month statute of limitations for post-conviction challenges to felonies (other than class 1) and misdemeanors, respectively. *See* Colo. Rev. Stat. § 16-5-402(1).

Finally, Mr. Castillo's ability to seek cancellation of removal depends on decisions of third-parties—in this instance, the Colorado courts—acting independently of these proceedings. It is "speculative whether the desired exercise of the court's remedial powers"—here, granting Mr. Castillo's requests for continuance and parole—"would result in" vacating his convictions and ultimately in the cancellation of his removal. *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 43 (1976); *see Baca v. King*, 92 F.3d 1031, 1037 (10th Cir. 1996) (concluding plaintiff lacked standing because adequate redress was contingent on the decision of a third party).

For these reasons, Mr. Castillo has not shown how this court can redress his alleged removal injury. He therefore lacks standing.

2. **No INA Jurisdiction**

To the extent Mr. Castillo's injury is his absence from his state post-conviction proceedings, we question (a) whether his claim survives the finality of his state trial judgments of guilt; but even if it does, we conclude (b) Mr. Castillo has not advanced a colorable constitutional or legal argument to invoke our jurisdiction under the INA.

a. *Tenth Circuit cases on finality of convictions for removal*

We have held that

> an alien is lawfully deportable as soon as a formal judgment of guilt is entered by a trial court.  Thus, while the alien may have the right to pursue appellate or collateral relief for [the conviction on which removal is based], the government need not wait until all these avenues are exhausted before deporting him.

*Waugh*, 642 F.3d at 1284 (quoting *United States v. Adame-Orozco*, 607 F.3d 647, 653 (10th Cir. 2010)).

Indeed, in *Waugh*, the petitioner asked the IJ and the BIA, similarly to Mr. Castillo here, to continue his removal proceeding until his motion to withdraw his guilty plea to the removable offense was resolved in state court.  642 F.3d at 1280-81.  When the petitioner challenged the IJ's and BIA's rejection of that request, arguing denial of due process, we identified his "true objection" as complaining about the discretionary denial of his wish for a continuance, which "raises neither a constitutional nor a legal issue, so we are without jurisdiction to review it."  *Id.* at 1284-85 (citing 8 U.S.C. § 1252(a)(2)).

In the face of this precedent, Mr. Castillo attempts a potpourri of constitutional or legal arguments to avoid § 1252(a)(2)(C)'s jurisdictional limit on review of removal orders—in this case review of the denial of his motion for continuance.  *Adame-Orozco* and *Waugh* may be sufficient to dispose of these arguments.  But because the case law on the scope of § 1252(a)(2)(D) is not clear, we will briefly explain why not one of Mr. Castillo's arguments is colorable.

b. *No colorable constitutional or legal claims*

As noted previously, we lack authority to review removal orders based on CIMT-status unless the petitioner raises colorable constitutional or legal challenges. *See* 8 U.S.C. § 1252(a)(2)(C) & (D); *Alzainati v. Holder*, 568 F.3d 844, 850-51 (10th Cir. 2009). To be colorable, "the alleged violation need not be 'substantial,' but the claim must have some possible validity." *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001) (citations omitted). The "talismanic" use of "the terms conventionally used in describing constitutional claims and questions of law will not overcome Congress's decision to deny jurisdiction" under § 1252(a)(2)(C). *Carcamo v. U.S. Dep't of Justice*, 498 F.3d 94, 98 (2d Cir. 2007) (quotations omitted). Indeed, "[m]ere reference to a legal standard or a constitutional provision . . . does not convert a discretionary decision into a reviewable legal or constitutional question." *Moral-Salazar v. Holder*, 708 F.3d 957, 962 (7th Cir. 2013). The discretionary decision here was the denial of Mr. Castillo's request for continuance.

Mr. Castillo argues his removal prevented his physical presence at his post-conviction proceedings and thereby violated his rights to substantive and procedural due process, confrontation, effective assistance of counsel, and state procedural rights. He also argues the INA's definition of "conviction" in 8 U.S.C. § 1101(a)(48)(A) allows immigration courts to rely on convictions that have not been challenged in state post-conviction proceedings, and this violates his rights to substantive and procedural due

process, effective assistance of counsel, state procedural rights, the Tenth Amendment, and equal protection.

### i. Substantive and Procedural Due Process

Mr. Castillo claims he cannot "meaningfully participate in his pending post-conviction appeals," Aplt. Br. at 16, in violation of his substantive and procedural "due process rights guaranteed in the United Sates Constitution, specifically the Fifth and Sixth Amendments," *id.* at 9. But he fails to explain how these rights have been violated or how his physical presence is required to vindicate them. He provides no legal authority or other support regarding substantive due process. Nor has he shown how removal has infringed a procedural right in either his immigration or state post-conviction proceedings.

His argument is inadequately briefed. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."); *Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999) (declining to address an argument because the defendants "have not adequately developed the argument," and "[t]his court . . . will not craft a party's arguments for him."). An argument not adequately briefed is not colorable.

### ii. Confrontation Clause

Mr. Castillo contends he must be present at "every stage of the trial," Aplt. Br. at 17, including "[p]ost-conviction . . . evidentiary hearings to be held by the trial court,"

-11-

*id.*, to protect his rights under the Confrontation Clause, which states "in all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. Other than broadly asserting he must be "physically present," Aplt. Br. at 17, Mr. Castillo fails to identify any witness who might testify against him, a necessary predicate for confrontation protection. More fundamentally, the Confrontation Clause "does not require that a defendant be present at all proceedings." *Bland v. Sirmons*, 459 F.3d 999, 1020 (10th Cir. 2006). Mr. Castillo has not cited any authority that extends the Confrontation Clause to Colorado's post-conviction setting. Indeed, the First Circuit has concluded "that the Confrontation Clause does not apply to state post-conviction proceedings." *Oken v. Warden, MSP*, 233 F.3d 86, 93 (1st Cir. 2000).

### *iii.* Effective Assistance of Counsel

Mr. Castillo argues the denial of a continuance and his removal denied him "a full and fair opportunity" to pursue state post-conviction claims of ineffective assistance. Aplt. Br. at 14. But this is just another way of asserting he must be physically present. Through counsel, he has filed for post-conviction relief in the Colorado courts alleging ineffective assistance of counsel. Those proceedings are pending at the Colorado Court of Appeals. The IJ's denial of a continuance has not prevented him from pursuing collateral challenges or invoking his constitutional claims there, and nothing in the record or his arguments indicates he must be physically present to pursue his claim of ineffective assistance of counsel.

-12-

*iv.* <u>Colorado Rule of Criminal Procedure 35</u>

Mr. Castillo argues the denial of a continuance and immediate removal violated his right to be present at his post-conviction proceedings under Colorado Rule of Criminal Procedure 35 ("Rule 35"). Colo. R. Crim. P. 35. But the rule does not establish a general right to be present. It does afford a post-conviction evidentiary hearing if certain criteria are met, *id.* 35(c)(2)(I)-(VII), and even then only if the court cannot otherwise enter a ruling "based on the pleadings," *id.* 35(c)(3)(V).[3] Mr. Castillo interprets this provision as granting him a right to be present. But nothing in the rule states when or even if a petitioner has a right to attend a post-conviction evidentiary hearing.

Mr. Castillo cites to case law that interpreted a prior version of Rule 35 for the proposition that a trial court must hold an evidentiary hearing "upon receipt of a motion for postconviction relief under Rule 35(c)." *People v. Simpson*, 69 P.3d 79, 81 (Colo. 2003) (en banc) (interpreting Colo. R. Crim. P. 35(c)(3) (1999)). He concludes this mandatory language means "he needs to be physically present to litigate his post-conviction appeals." Aplt. Br. at 17. But just because an evidentiary hearing must be held does not mean, without more, the petitioner has a right to be there.

---

[3] Mr. Castillo quotes Rule 35 as saying "'Upon receipt of a motion for postconviction relief under Rule 35(c), a trial court must hold an evidentiary hearing . . .' Crim. P. 35(c)(3)." Aplt. Br. at 17 (citation and alteration in original). That language, however, appears nowhere in Rule 35.

Whether under the old Rule 35(c) or the current one, Mr. Castillo fails to show—even if the Colorado courts were to hold an evidentiary hearing on his post-conviction motions—his physical presence is needed or required. We can only speculate whether Mr. Castillo's post-conviction motions even qualify for such a hearing, much less one that would require his physical presence.

### *v.* Tenth Amendment

Mr. Castillo argues 8 U.S.C. § 1101(a)(48)(A)'s definition of "conviction" underlying the denial of his request for a continuance and his immediate removal interferes with "state criminal procedure" in violation of the Tenth Amendment. Aplt. Br. at 23.

Mr. Castillo has not shown how the statute interferes with his state post-conviction proceedings. He has filed his collateral challenges, and they are being considered. He has not even raised a colorable claim that his physical presence is needed or required in these proceedings. Moreover, Mr. Castillo's invocation of the Tenth Amendment and Colorado's police powers over criminal proceedings (including post-conviction proceedings) makes no attempt to overcome case law recognizing Congress's authority under the Immigration Clause of the Constitution to displace or preempt state laws, including those normally reserved to the states' police powers. *See Lopez v. INS*, 758 F.2d 1390, 1392 (10th Cir. 1985) (indicating Congress's authority over immigration may sometimes preempt even "the States' exercise of their police powers" (quotations omitted)); *see also Arizona v. United States*, 132 S. Ct. 2492, 2505 (2012) (stating in an

immigration case "[t]he ordinary principles of preemption include the well-settled proposition that a state law is preempted where it stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" (quotations omitted)).

### *vi.* Equal Protection

Mr. Castillo argues the INA's definition of "conviction" authorizes immigration courts to begin removal proceedings as soon as a trial court enters a final judgment of guilt, 8 U.S.C. § 1101(a)(48)(A), and therefore discriminates against noncitizens who wish to seek post-conviction relief in Colorado.

Mr. Castillo's confusing and conclusory argument is not adequately briefed, and we do not consider it. *See Bronson*, 500 F.3d at 1104.

He plainly has not raised a colorable claim. Mr. Castillo "argues that he is being treated different from similarly situated criminal defendants based upon his alienage," Aplt. Reply Br. at 11; *see* Aplt. Br. at 10-11 (characterizing the issue as "whether alienage justifies denying non-citizens constitutional protections afforded to citizen-criminal defendants"). But citizens and noncitizens are not similarly situated for purposes of equal protection in the context of immigration law. *Demore v. Kim*, 538 U.S. 510, 521 (2003) ("In the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens" (quotations omitted)); *United States v. Huitron-Guizar*, 678 F.3d 1164, 1167 (10th Cir.

2012) ("Equal protection requires that similarly situated individuals be treated similarly; aliens, let alone those unlawfully here, are simply not situated like citizens.").

### *vii.* Other challenges to 8 U.S.C. § 1101(a)(48)(A)

In addition to his Tenth Amendment and equal protection challenges to § 1101(a)(48)(A), Mr. Castillo also alleges the statute violates substantive and procedural due process, effective assistance of counsel, and Colorado Rule of Criminal Procedure 35. Those arguments fail to state a colorable claim for the same reasons we discussed above.

\*     \*     \*

For the foregoing reasons, Mr. Castillo has not raised colorable constitutional or legal arguments, and we lack jurisdiction under the INA.

## III. **CONCLUSION**

We dismiss Mr. Castillo's petition for lack of jurisdiction under Article III of the Constitution or 8 U.S.C. § 1252(a)(2)(C). We grant his motion to proceed *in forma pauperis.*

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

-16-