NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 2, 2016
Decided March 17, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 15-2517

| | |
|---|---|
| KERBY VITUG LUGUE, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A043 973 183 |
| | |
| LORETTA E. LYNCH, Attorney General | |
| of the United States, | |
| *Respondent*. | |

**O R D E R**

Kerby Lugue is a lawful permanent resident who was ordered removed from the United States as an alien convicted of a controlled-substance crime, see 8 U.S.C. § 1182(a)(2)(A)(i)(II). Before us is his petition for review of an order of the Board of Immigration Appeals upholding an immigration judge's denial of his application for cancellation of removal. He contends that the Board and the immigration judge erred by concluding that his state-court conviction for possessing methamphetamine with intent to deliver is an aggravated felony that renders him ineligible for cancellation under 8 U.S.C. § 1229b(a). Because the Board correctly determined that Lugue's state crime is an aggravated felony under the immigration laws, we deny Lugue's petition.

**I**

Lugue, a citizen of the Philippines, gained lawful permanent residency at the age of 14 as a dependent of his naturalized parents. More than a decade later, in 2004, he pleaded guilty in the Circuit Court of Cook County to possession of less than five grams of methamphetamine with intent to deliver, see 720 ILCS 570/401(d). He came to the attention of immigration authorities in 2011, when he went through U.S. customs after a trip to the Philippines. The Department of Homeland Security initiated removal proceedings, charging him with inadmissibility on four grounds. Only one of these—that he was convicted of a drug offense, see 8 U.S.C. § 1182(a)(2)(A)(i)(II)—is relevant because that ground is the sole basis of Lugue's order of removal, see *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943); *Alvarado-Fonseca v. Holder*, 631 F.3d 385, 388 n.1 (7th Cir. 2011). (The other grounds charged that Lugue was inadmissible as a person who has committed the essential elements of a crime involving moral turpitude, see 8 U.S.C. § 1182(a)(2)(A)(i)(I); as a person who, at the time of application for admission, is not in possession of a valid entry document, see *id.* § 1182(a)(7)(A)(i)(I); and as a person who "the Attorney General knows or has reason to believe … is or has been an illicit trafficker in any controlled substance," see *id.* § 1182(a)(2)(C).)

Lugue conceded during removal proceedings that he had been convicted of the state drug crime and thus was removable, but he applied for cancellation of removal under 8 U.S.C. § 1229b(a). Section 1229b(a) provides that the Attorney General may cancel the removal of a person who has been a lawful permanent resident for at least five years, has resided in the United States continuously for seven years after being admitted, and has not been convicted of an "aggravated felony." Only the last factor is at issue here: Lugue contended that possession of methamphetamine with intent to deliver is not an aggravated felony.

Aggravated felonies, for immigration purposes, include "drug trafficking crime(s) (as defined in section 924(c) of title 18)," 8 U.S.C. § 1101(a)(43)(B). That definition includes "any felony punishable under the Controlled Substances Act ['CSA']," which categorizes as a felony any offense for which the "maximum term of imprisonment authorized" is one year or more, 18 U.S.C. § 3559(a). To determine whether a state conviction qualifies as an aggravated felony, courts must consider "whether the state statute defining the crime of conviction categorically fits within the generic federal definition." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (citation and internal quotation marks omitted). A state-drug offense satisfies the categorical approach when it "*necessarily* proscribe[s] conduct that is an offense under the CSA,"

and when the CSA "*necessarily* prescribe[s] felony punishment for that conduct."
*Id.* at 1685.

Lugue argued that his state conviction did not qualify as an aggravated felony under § 1101(a)(43)(B) because it could have been charged as a misdemeanor under federal law. Relying on *Moncrieffe*, he maintained that the CSA did not *necessarily* categorize as a felony his conduct of possessing less than five grams of methamphetamine with intent to deliver. Because the CSA sets out specific punishments for possession of methamphetamine with intent to distribute 50 grams or more (21 U.S.C. § 841(b)(1)(A)(viii)) and five grams or more (21 U.S.C. § 841(b)(1)(B)(viii)), and does not mention methamphetamine anywhere else, Lugue reasons that the CSA provides no punishment at all for possession of methamphetamine with intent to distribute quantities *less* than five grams. The only other relevant section, Lugue concludes, is 21 U.S.C. § 844(a), which punishes only simple possession, and only as a misdemeanor.

The immigration judge was unpersuaded by Lugue's reading of the CSA and thus denied his application for cancellation of removal. Lugue was not convicted of simple possession, the IJ emphasized, but of possession with intent to deliver, and therefore under federal law he would not be punished with the misdemeanor of simple possession. This is so because the CSA makes possession with intent to distribute less than five grams of *any* Schedule III drug a felony punishable by a maximum term of imprisonment of up to 10 years, see 21 U.S.C. § 841(a)(1), (b)(1)(E)(i), and the statute says that methamphetamine (other than the injectable liquid form) is a Schedule III drug, 21 U.S.C. § 812(c)(Schedule III)(a)(3).

Lugue appealed to the Board of Immigration Appeals. Pointing out that liquid methamphetamine is a Schedule II drug, see 21 U.S.C. § 812(c)(Schedule II)(c), he took issue with the IJ's conclusion that his offense necessarily involved a Schedule III substance. His conviction records do not state what form of methamphetamine he possessed, and so, he argued, it is impossible to say whether he violated the CSA provision regarding Schedule III drugs.

The Board adopted and affirmed the IJ's decision. Responding to Lugue's argument about the schedules, it noted that it makes no difference whether methamphetamine is a Schedule II or Schedule III drug, because the authorized maximum term of imprisonment for possessing with intent to distribute any amount of a drug under either schedule is more than one year, see 21 U.S.C. § 841(b)(1)(C)

(authorizing maximum term of imprisonment of 20 years in case of Schedule II substance); *id.* § 841(b)(1)(E)(i) (authorizing maximum term of imprisonment of 10 years in case of Schedule III substance).

## II

Lugue challenges the Board and IJ's decision that his conduct necessarily would have been charged as a felony under the CSA. Because his conduct involved only a small amount of methamphetamine, he continues to urge that his state drug offense is the equivalent of the CSA misdemeanor of simple possession, see 21 U.S.C. § 844(a), and thus outside the scope of the aggravated felony definition. Although appellate courts generally lack jurisdiction to review final removal orders against persons who have "committed a criminal offense covered in section 1182(a)(2)," 8 U.S.C. § 1252(a)(2)(C); see *Moral-Salazar v. Holder*, 708 F.3d 957, 961–62 (7th Cir. 2013), this bar does not apply when the petitioner raises legal or constitutional issues, see 8 U.S.C. § 1252(a)(2)(D); *Moral-Salazar*, 708 F.3d at 962, as Lugue has done here, see *Alvarado-Fonseca v. Holder*, 631 F.3d 385, 389 (7th Cir. 2011). We may thus proceed to the merits.

Here Lugue runs into insurmountable problems. He was convicted in state court of possession with intent to deliver controlled substances, 720 ILCS 570/401(d) (2004), not simple possession, 720 ILCS 570/402 (2004). This makes all the difference. Simple possession does not include a trafficking element—the intent to sell. See, *e.g.*, *Rendon v. Mukasey*, 520 F.3d 967, 975–76 (9th Cir. 2008); *cf. Lopez v. Gonzales*, 549 U.S. 47, 53 (2006) (state conviction for simple possession of controlled substance was categorical match with 21 U.S.C. § 844(a)); *Gonzales-Gomez v. Achim*, 441 F.3d 532, 533 (7th Cir. 2006) (same). As the Board correctly concluded, Lugue's state conviction of possession with intent to deliver is a categorical match with the CSA provision proscribing "possessing with intent to … distribute … a controlled substance," 21 U.S.C. § 841(a). See *Moncrieffe,* 133 S. Ct. at 1684–86 (Georgia conviction for possession with intent to distribute was categorical match with 21 U.S.C. § 841(a)(1)); *Lopez v. Lynch*, 810 F.3d 484, 489–90 (7th Cir. 2016) (Indiana statute outlawing possession with intent to deliver was categorical match with 21 U.S.C. § 841(a)(1)); *Batrez Gradiz v. Gonzales*, 490 F.3d 1206, 1210 (10th Cir. 2007) (same).

Lugue also continues to urge, in the face of the text of 21 U.S.C. § 841, that the statute does not actually punish conduct involving less than five grams of methamphetamine. This is so, he says, because § 841(b)(1)(C) and (b)(1)(E)—which specify maximum sentences of more than one year for possessing with intent to

distribute any Schedule II and Schedule III substance—do not apply to methamphetamine because they do not use the word "methamphetamine."

This argument is frivolous. As the Board said, the fact that we do not know whether the methamphetamine Lugue possessed was a Schedule II or Schedule III substance is irrelevant because either way the authorized maximum term of imprisonment for possessing with intent to distribute *any* amount of a drug in *either* schedule is well in excess of one year. See 21 U.S.C. § 841(b)(1)(C), (E); *United States v. Brough*, 243 F.3d 1078, 1080 (7th Cir. 2001) ("20 years is the maximum under § 841(b)(1)(C) for unlawfully distributing *any detectable quantity* of *any* Schedule I or II controlled substance")(emphasis added); *United States v. Duvall*, 272 F.3d 825, 830 (7th Cir. 2001) (jury need only find that defendant possessed with intent to distribute "some quantity" of methamphetamine to secure conviction under § 841(b)(1)(C)). Furthermore, Lugue overlooks the fact that *all* forms of methamphetamine have been classified by regulation as Schedule *II* substances, subject to a 20-year maximum sentence, for the past 45 years. See *United States v. Macedo*, 406 F.3d 778, 785 (7th Cir. 2005) (holding "that the [regulatory] reclassification of methamphetamine as a Schedule II substance applies to all forms of methamphetamine … despite the statute's distinction"); 21 C.F.R. § 1308.12(d).

Finally, Lugue disputes the Board's assertion that *Moncrieffe* applies only to offenses involving marijuana. But he misrepresents the Board's determination. The Board recognized that the Supreme Court in *Moncrieffe* relied on 21 U.S.C. § 841(b)(4), which states that anyone who possesses with intent to distribute "a small amount of marijuana for no remuneration" must be treated as having committed simple possession, a misdemeanor. With that in mind, the Court noted that possession with intent to distribute marijuana is not necessarily a felony under the CSA. *Moncrieffe*, 133 S. Ct. at 1686–87. As the Board acknowledged, there is no similar exception in § 841(b) for possession with intent to distribute small amounts of methamphetamine.

Lugue's conduct would necessarily be punished under 21 U.S.C. § 841(b)(1)(C), which authorizes punishment of more than one year, and this fact makes Lugue's state crime an aggravated felony for immigration purposes. Accordingly, we DENY Lugue's petition for review.