In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 23-2208

MORRIS NDLOVU,

*Petitioner,*

*v.*

MERRICK B. GARLAND, Attorney General
of the United States,

*Respondent.*

———————————

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A089-380-897

———————————

ARGUED JANUARY 19, 2024 — DECIDED APRIL 25, 2024

———————————

Before ST. EVE, KIRSCH, and LEE, *Circuit Judges.*

KIRSCH, *Circuit Judge.* An immigration judge denied Morris Ndlovu's application for cancellation of removal. The IJ found that, while Ndlovu was statutorily eligible for cancellation, he did not merit such relief as a matter of discretion. The Board of Immigration Appeals upheld the denial on that basis. Because Ndlovu's petition for review does not raise a colorable question of law, we lack jurisdiction to review it.

I

Morris Ndlovu is a South African citizen. He entered the United States in March 2000 on a visitor's visa but remained beyond the permitted six months. In January 2015, the Department of Homeland Security charged Ndlovu with removability under 8 U.S.C. § 1227(a)(1)(B) for having overstayed his visa. Ndlovu conceded that he had overstayed his visa and was subject to removal and simultaneously applied for cancellation of removal under 8 U.S.C. §§ 1229a(c)(4), 1229b(b)(1).

The immigration judge denied Ndlovu relief. The IJ concluded that, while he met the statutory requirements for eligibility for such relief, he did not merit a favorable exercise of discretion due to his criminal record. The IJ observed that Ndlovu had twice pleaded guilty to operating a vehicle while intoxicated in 2000 and 2010 and had recently been arrested for driving under the influence in 2018. The IJ also noted that Ndlovu pleaded guilty to domestic battery in 2002 and was again arrested for domestic battery in 2009, though those charges were dismissed. The IJ determined that the severity of his criminal history substantially outweighed the positive equities and denied his application as a matter of discretion. The Board of Immigration Appeals upheld the IJ's determination. Ndlovu petitioned for review, arguing the IJ and BIA erred by considering his 2000 and 2002 convictions due to their age.

II

We cannot entertain Ndlovu's petition unless we have jurisdiction. Under 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to review "any judgment regarding the granting of relief under section … 1229b," which includes cancellation of

removal. But we retain jurisdiction to review any "constitutional claims or questions of law" raised in a petition for review of a § 1229b determination. 8 U.S.C. § 1252(a)(2)(D).

We have held that § 1252(a)(2)(D) permits us to review only "colorable" constitutional claims, *Zamora-Mallari v. Mukasey*, 514 F.3d 679, 696 (7th Cir. 2008), and we agree with our sister circuits that it also permits review of only colorable questions of law, e.g., *Ponce Flores v. U.S. Att'y Gen.*, 64 F.4th 1208, 1217 (11th Cir. 2023); *Thompson v. Barr*, 959 F.3d 476, 484 (1st Cir. 2020); *Zambrano v. Sessions*, 878 F.3d 84, 87 (4th Cir. 2017); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2007). Requiring that questions of law be colorable to permit our review is consonant with our admonition that "[m]ere reference to a legal standard or a constitutional provision [ ] does not convert a discretionary decision into a reviewable legal or constitutional question." *Moral-Salazar v. Holder*, 708 F.3d 957, 962 (7th Cir. 2013). To be "colorable," the legal argument must have "some possible validity." *Zamora-Mallari*, 514 F.3d at 696 (quoting *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir. 2001)). In other words, it cannot be "immaterial and made solely for the purpose of obtaining jurisdiction or [ ] wholly insubstantial and frivolous." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006) (quotation omitted).

Ndlovu claims that his petition raises a question of law. To be statutorily eligible for cancellation of removal, a person must show, among other things, that he has been a "person of good moral character" during the ten-year period preceding his application. 8 U.S.C. § 1229b(b)(1); *Meza v. Garland*, 5 F.4th 732, 735 (7th Cir. 2021). If a person is statutorily eligible, then cancellation of removal can be granted if he "merits a

favorable exercise of discretion." 8 U.S.C. § 1229a(c)(4)(A). Ndlovu argues that the ten-year period in § 1229(b)(1) applies to the discretionary determination under § 1229a(c)(4)(A) and thus the IJ and BIA committed legal error by considering conduct outside this period (his 2000 operating a vehicle while intoxicated conviction and 2002 domestic battery conviction).

There is, however, no support for Ndlovu's argument that there is a time limit on what conduct the IJ or BIA could consider in making their discretionary determinations under § 1229a(c)(4)(A). Unlike § 1229b(b)(1), § 1229a contains no language circumscribing an IJ's consideration to any time period. And there is no justification for reading the time limit from § 1229b into § 1229a—they impose distinct requirements on those seeking relief. In the absence of a colorable legal question, Ndlovu's challenge is merely an objection to the IJ's and BIA's weighing of the equities under § 1229a—discretionary decisions we lack jurisdiction to review.

The petition is DISMISSED.